LAWRENCE <em>against</em> HOUGHTON.

ON *certiorari* from a justice's court.

The return stated, that a suit was commenced on the 17th of *October*, 1806, and *Houghton* declared against *Lawrence*, for a balance of 20 dollars due on the sale of a lot, and one dollar and 56 cents for milk sold and delivered, and 3 dollars for house-rent; that the defendant denied the charges, except for the milk, and exhibited a *set-off* of 25 dollars and 12 cents.

Where, in an action before a justice, the defendant pleaded a former action brought by him before the justice, and a recovery, when the plaintiff ought to have set off his demand; and the only evidence of the former action was a statement by the justice to the jury, to which the plaintiff did not object; it was held, that, although the statement of the justice was no legal evidence, yet, as the plaintiff did not object, he was concluded by it, and that the former suit was a bar to the plaintiff in this suit.

NEW-YORK,
Nov. 1809.

LAWRENCE
v.
HOUGHTON.

The plaintiff demanded a trial by jury. At the trial before the jury, the plaintiff produced articles of agreement, by which he promised to get a durable lease of his shop and lot, and give it to the defendant, in consideration of 60 dollars, 20 dollars of which sum he had received, and 20 dollars were to be paid on or before the 1st of *May* following, and the residue the 7th of *October* following, without interest. The shop was then occupied by the defendant. The plaintiff promised to pay off all the back rents, and to warrant the lot until the 1st of *May* following, and then to get a lease for the defendant. This agreement was dated the 17th *November*, 1805, and signed by both parties. The plaintiff then alleged, that the 20 dollars, the balance due as above stated, was part of the consideration mentioned in the agreement, and proved that the defendant occupied a chamber in his house for a considerable time, and that the defendant acknowledged, subsequent to *May*, that he was still indebted to the plaintiff, for part of the purchase-money, on the lot. The weight of testimony was, that the 20 dollars were still due to the plaintiff.

The defendant then alleged, that, before the suit was brought, he had sued the plaintiff, and had recovered 3 dollars for a breach of covenant. He gave no evidence of the former suit, but called on the justice, who stated to the jury, that, on the 11th *October*, 1806, the defendant declared, before him, against the plaintiff, for covenant broken, and the plaintiff pleaded the general issue, and offered a set-off, which was overruled; and the defendant gave in evidence a receipt, dated 26th *May*, 1806, by the plaintiff, for 40 dollars towards the lot and shop, mentioned in the agreement, and another receipt, dated 24th *April*, 1806, for 24 dollars, in full, for rent. This statement was not objected to by the plaintiff below.

The justice charged the jury, that the 23 dollars and 50 cents ought to be allowed to the defendant, and that the former trial was no bar to this suit. The jury found a verdict for the plaintiff for 19 dollars and 80 cents.

The case was submitted to the court, without argument.

*Per Curiam.* The former trial and judgment were a bar to this suit, if duly proved. The statement of the justice was not competent evidence of itself, but could be made so by consent of the parties; and that consent was to be inferred from the omission of the plaintiff to object to it when it was offered and given. *Qui tacet consentire videtur.* The decision of the justice, that it was no bar, because he had excluded the matter as a set-off in the former suit, will not alter the conclusion of law. Every former recovery is equally a bar, so long as it stands in force, and is not reversed. It is to be presumed correct, and we cannot inquire, in this collateral way, whether or not it was founded in error. The judgment below must be reversed.

Judgment reversed.