NEW YORK,
May, 1817

HILTS
v.
COLVIN.

---

## HILTS *against* COLVIN.

<div style="margin-left:2em">
To support an objection to the competency of a witness, he-cause he had been convicted of felony, parol evidence of the conviction is inadmissible, although it be proved that the clerk's office of the county had been burnt down, and the record probably destroyed for there is higher evidence of the fact capable of being produced, that is, the transcript delivered into the court of ex chequer by the district attorney, which must be preumed to have been delivered, such being his duty as a public officer.
</div>

IN ERROR to the court of common pleas of the county of *Herkimer*.

The plaintiff in error, who was plaintiff in the court below, brought an action of trespass on the case, against the defendant, for deceit in the sale of a horse. The cause was tried at the *July* term of the court below, in 1816.

The plaintiff, to prove his cause of action, produced one *John G. Hilts* as a witness, to whose admissibility it was objected by the counsel for the defendant that he had been convicted of grand larceny. To prove this fact, witnesses were called, who testified that the clerk's office in the county of *Herkimer* was burnt down in *April*, 1804, and that most, if not all, the papers and records had been destroyed. A witness also stated that *John G. Hilts* had previously been convicted, in that county, of harbouring stolen goods, and had been sentenced

Whether the copy of the sentence, given by the clerk to the sheriff, and delivered by him with the prisoner to the keeper of the state prison, would be higher evidence of a conviction than parol proof? *Quære.*

to the state prison for three years. or thereabouts.   To this
testimony the plaintiff's counsel objected that it was insuffi-
cient; that the record of conviction should be produced, or
proof given that it had existed and been lost; and that then
parol evidence ought not to be received, as the case admitted of
higher proof.   The court, however, excluded the plaintiff's
witness, who having no other testimony, was nonsuited, and
tendered a bill of exceptions, which was removed into this court
by writ of error.

*Storrs*, for the plaintiff in error.   There was no evidence of
the witness having been convicted of larceny.   No record of
his conviction was produced, nor was it shown that any such
record had ever existed.   A conviction alone is not sufficient,
but a judgment must be shown; for on a motion in arrest the
conviction may be quashed.*   Though the witness admits the
conviction, it is not enough; but the record must be produced.†

Again; here was not the best evidence of the conviction which
could have been produced, for though the clerk's office had been
destroyed by fire, and his records and papers probably con-
sumed, yet the clerk of the court is required to give a copy of
the conviction to the sheriff, who must deliver it to the keeper
of the state prison;‡ and by another statute relative to district
attorneys§ they are required to certify a transcript of every con-
viction to the court of exchequer, at the next term, there to re-
main of record.   It must be presumed, then, that such a record
of the conviction is remaining in the court of exchequer, which
might have been produced.

Again; there was not a *crimen falsi*, or *felony*, occasioning a
forfeiture of goods, to render the witness incompetent.

*Ford*, contra.   The offence was *felony*, and the punishment
three years' imprisonment in the state prison.   All felonies ren-
der a witness incompetent; and it is not the punishment, but
the nature of the offence, that creates that infamy which
incapacitates a witness.‖

As to the evidence of the conviction, the defendant having
shown that the office of the clerk in which the records were
kept had been destroyed by fire, and that the witness had been
previously convicted, was entitled to produce inferior or se-
condary evidence.   The list of convictions handed to the sheriff

NEW-YORK,
May. 1817

HILTS
v
COLVIN.

* *Lee* v. *Gan-
sel. Cowper*, 1-3.
† 8 *East Rep.*
78      *Phillips'
Evid.* 28.

‡ 1 *N. R. L.*
275  35 sess. ch.
1 s. 16.
§ 1 *N. R. L.*
413     36 sess.
ch. 89, s. 2.

‖ *Phillips' Evi-
dence*, 23—24

NEW-YORK,
May 1817.

HILTS
v.
COLVIN.

with the prisoners was not higher evidence.   And it was not shown that any certificate had been sent by the district attorney to the court of exchequer.

SPENCER, J., delivered the opinion of the court.   The plaintiff below offered one *John G. Hilts* as a witness.  He was objected to on the ground of his incompetency, arising from his alleged conviction of the crime of grand larceny.

It was proved that there were no papers or records in the clerk's office of *Herkimer,* prior to *May,* 1804, and that in *April,* of that year, the clerk's office had been burnt down, and most or all of the papers had been consumed.   It was offered to be proved that the witness, *Hilts,* had been convicted, previous to 1804, for harbouring stolen goods, and sentenced to the state prison : which proof was objected to, but admitted by the court, and made out by parol ; and the witness being excluded, the plaintiff was nonsuited for want of proof to sustain his action.

It is insisted, that there was higher and better proof of *Hilts'* conviction, and that he ought not to have been excluded : 1. The copy of the sentence required to be given by the clerk of the court to the sheriff, who is required to deliver the same to the keeper of the state prison, with the prisoner.   (1 *R. L.* 415. *K. & R.* sess. 24 ch. 121. s. 5.)

2. The certificate required by the second section of the act relative to district attorneys to be sent to the court of exchequer, there to remain of record, containing the tenor and effect of every conviction, the name of the person and addition, the offence, the day and place of the conviction, and before whom it was had, and the judgment given thereon; a copy of which, under the hand of the clerk and the seal of the exchequer, is declared to be good evidence of such former conviction.   (1 *R. L.* 462. *K.* & *R.* sess. 24 ch. 146. s. 2.)

Whatever may be thought of the first objection, the second is decisive.   It is always to be presumed that a public officer has done his duty, and this presumption stands until it is disproved. We must then intend that there was, in the court of exchequer, the transcript pointed out by the statute ; and it follows that there was higher proof in the power of the party than that given at the trial below.   This court, in the case of the *People* v. *Herrick,* (13 *Johns. Rep.* 82.) decided, that a party who would take exception to a witness on the ground of his conviction of the

*crimen falsi*, must have a copy of the record of conviction ready to produce in court. The judgment below must be reversed.

Judgment reversed.