## WHITNEY *a.* WYNCOOP.

*Supreme Court, Sixth District; General Term, May,* 1857.

COMMISSION TO TAKE TESTIMONY.—IRREGULARITIES.

Where the place of trial of an action was changed, and a commission was afterwards issued and was directed to be returned to the clerk of the county originally named in the complaint as the place of trial, instead of to the clerk of the county afterwards selected,—*Held,* that as it did not appear but that the place of trial was changed merely for the convenience of witnesses, the direction was proper.

Where it appeared by the return of a commission that the witnesses had been sworn "to make true answers to the interrogatories read to them," instead of being sworn "to tell the truth, the whole truth, and nothing but the truth," as required by the statute,—*Held,* that the oath administered was insufficient, and the commission ought not to have been received in evidence.

A commission to take the testimony of witnesses abroad, issued in an action in a court of record, should be sealed with the seal of the court out of which it issues; and if not so sealed it is defective.

Appeal from an order denying a motion for a new trial.

Whitney *a.* Wyncoop.

This action was tried at the Chemung circuit in September, 1852. The plaintiff obtained a verdict for $185.42. The defendant made a motion for a new trial at a special term held in Steuben county in February, 1855, upon a bill of exceptions, which motion was denied. He now appealed to the general term from the order denying his motion for a new trial.

The place of trial designated in the complaint was Steuben county; but it was changed from Steuben to Chemung county in September, 1850; and in October, 1850, a commission was issued, at the instance of the plaintiff, for the examination of two witnesses who resided in Pennsylvania. The county judge of Chemung county granted the order for the issuing of the commission (see *Code*, § 403). The defendant proposed cross-interrogatories to the witnesses; and both the direct and cross interrogatories were settled by a justice of the Supreme Court and annexed to the commission in November, 1850; and he signed a direction upon the commission that the commissioner return the commission by mail, when executed, to Paul C. Cook, Esq., clerk of Steuben county, at Bath.

On the trial, the plaintiff's counsel offered in evidence an exemplified copy of the commission, instructions, statutes, interrogatories and depositions of the two witnesses named in the commission, the envelope in which they were received, &c., duly certified under the hand and official seal of the clerk of Steuben county.

It did not appear that a seal was affixed to the commission; or that the order of the county judge, granting the commission, had been filed or entered in the clerk's office.

The defendant's counsel objected to the depositions being received as evidence unless the plaintiff's counsel produced the order, or a copy thereof, on which the commission issued, and proved that such order was filed and entered in the proper clerk's office. But the judge held it was unnecessary for the plaintiff to produce the order or a copy of it, or to show that the order had been filed, inasmuch as it was conceded that the defendant joined in the commission without objection having been made on that ground. To this decision the counsel for the defendant excepted.

The defendant's counsel then offered to prove that the order for the commission had not been filed or entered, and objected

to the reading of the depositions because the order had not been filed or entered. The judge overruled the offer and objection on the ground that the defendant joined in the commission, as before stated.

The defendant's counsel further objected to the reading of the depositions for the reason that the direction to return, and the return of the same to the clerk of Steuben county, was improper and unauthorized by law ; which objection was overruled, and the defendant's counsel excepted.

The defendant's counsel further objected to the depositions being read in evidence, upon the ground that the writ of commission had no seal thereto, and was issued without seal ; which objection was overruled, and the defendant's counsel excepted.

The oath administered to the witnesses by the commissioner was, that they should make true answers to the interrogatories read to them. The commissioner certified that he read the interrogatories to the witnesses, and that he read their answers over to them, and that they subscribed the depositions in his presence.

The defendant's counsel also objected to the reading of the depositions, on the ground that the oath administered to the witnesses by the commissioner was improper, and not in form or substance as required and authorized by the statute ; which objection was overruled by the judge, and the defendant's counsel excepted.

The defendant's counsel further objected to the reading of the depositions on the ground that there was no sufficient proof of the statute having been complied with in respect to the return of said commissioner ; or that the clerk had received and opened or filed it ; or that since it was received and filed by him it had remained and been kept in his office. An endorsement on the copy envelope showed that the commission was received by the clerk December 25, 1850. The judge permitted the plaintiff's counsel to read the depositions. A new trial was now claimed for alleged errors in the above-mentioned decisions of the judge.

*E. P. Hart*, for the appellant.

*William Irvine*, for the respondent.

By the Court*—Balcom, J.—That the commission was duly received by the clerk of Steuben county by mail, opened by him,

---

* Present Gray, Mason, and Balcom, JJ.

filed and kept on file in his office, was properly presumed, on the principle that where, by law, certain acts are to be done by a public officer, the law always intends that they have been done, until the contrary be shown (Hilts a. Colim, 14 *Johns.*, 182).

The statute requires the judge who settles the interrogatories, if he directs that the commission be returned by mail, to direct the same to be returned addressed to the clerk of the county in which the *venue* in the action shall be laid (2 *Rev. Stats.*, 394, § 15). There is no special provision respecting the return of a commission, when issued after the place of trial or *venue* in the action has been changed. The third rule of this court states that " papers shall be filed in the office of the clerk of the county specified in the complaint as the place of trial ; and in case the place of trial is changed for the reason *that the proper county is not specified*, as required by section 125 (meaning section 125 of the Code), the papers on file at the time of the order making such change, shall be transferred to the county specified in such order ; and all other papers in the cause shall be filed in the county so specified."

There is nothing in the bill of exceptions to show that Steuben county was not the proper place for the trial of the action, so far as the residence of the parties affected it, according to section 125 of the Code ; or but that the place of trial was changed to Chemung county merely for the convenience of witnesses ; therefore the commission was properly directed to be returned, and was correctly returned, to the clerk of Steuben county.

The statute is imperative that the order that a commission issue, when granted by a judge in vacation, shall be filed in the office of the clerk of the court (2 *Rev. Stats.*, 394, § 13); consequently the neglect to file the order in this case made the commission, issued in pursuance of it, irregular.

The oath prescribed by statute for commissioners to administer to witnesses examined by them is, " that the answers given by such witnesses to the interrogatories proposed to them shall be the truth, *the whole truth, and nothing but the truth*" (2 *Rev. Stats.*, 394, § 16, *subd.* 1). The oath which the commissioner administered to the witnesses in this case varies from that prescribed by the statute, and was therefore insufficient.

The remaining question in the case is, whether a seal was necessary to the validity of the commission. All that the Revised

Statutes contain touching the question is in these words :—" The impression of the seal of any court by stamp, shall be a sufficient sealing, in all cases where sealing is required" (2 *Rev. Stats.*, 276, § 10). The action being one at law, and a commission not being an *original writ*, other provisions in the Revised Statutes on the subject of seals need not be noticed, as they do not affect the question. It is laid down, in Graham's Practice (2 *ed.*, 120), that all process issuing out of the Supreme Court must be sealed (see 18 *Johns.*, 212). The subject is mentioned in the judiciary act of 1847, where it is enacted that " no process which shall be subscribed with the name of the attorney, solicitor, or party, by whom it is issued, *except such as shall be issued by special order of the court,* shall be deemed void or voidable by reason of having no seal or a wrong seal thereon" (*Laws of* 1847, 336, § 57). A commission to take the testimony of foreign witnesses in an action in a court of record cannot be issued except by a special order for that purpose : hence it should be sealed with the seal of the court out of which it issues ; and it follows that the commission issued in this action was defective because it was not sealed.

The order of the special term, denying the defendant's motion for a new trial, must be reversed, and a new trial granted ; costs to abide the event of the action.

MASON, J., delivered an opinion in which he held that the commission was defective because it was not sealed; that the oath administered by the commissioner to the witnesses was insufficient, and that the commission was irregularly issued, because the order for it was not filed.

GRAY, J., concurred.

New trial granted, costs to abide the event of the action.