## Frederick Cogswell
## v.
## Robert J. Hoguet et al.

*Practice—Verdict—Evidence.*

1. A complaint that a witness in a given case was not sworn, can not be primarily made herein.

2. Nor in the trial court after verdict, where the fact was known to counsel before the case was given to the jury.

[Opinion filed June 2, 1891.]

In error to the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Weigley, Bulkley & Gray, and George R. Grant, for plaintiff in error.

Messrs. Remy & Mann, for defendants in error.

Moran, P. J. The ground on which this writ of error is prosecuted is that there was no evidence before the jury on which to find a verdict. The bill of exceptions recites that the plaintiff introduced the following testimony:

" Mr. Brooks: Gentlemen of the jury, this is an action brought by the plaintiff in this case against the defendant for recovery for a bill of goods; I presented the bill to the defendant, and he admitted that he owed it.

The Court: That will do; what is the amount due?

Mr. Brooks: $753.65.

The Court: Gentlemen of the jury, that will be your verdict.

Which was all the evidence offered in said cause. Whereupon the jury rendered a verdict for $753.65, and the court entered judgment against the defendant for said amount."

The bill of exceptions further shows that defendant made a motion " to vacate said judgment," but the court overruled the same and defendant excepted.

It is contended that Brooks was not sworn and therefore there was no evidence. It does not appear from the record that he was not sworn, and the bill of exceptions which is defendant's pleading, calls his statement " testimony." But if he was not sworn, counsel for plaintiff in error, who was present at the trial, was bound to call that fact to the attention of the court, and the omission would no doubt have been at once remedied.

The record shows no objection to the witness' statement being made, and counsel let the case go to verdict and judgment before he interposed, and then by a motion in a form not calculated to raise the point. Indeed it does not appear that the objection was ever made till it appeared in the brief in this court. The objection comes too late. It would be too late in the trial court after verdict, where the fact was known to counsel before the case was given to the jury. Cady v. Norton, 14 Pick. 236; Slaughter v. Whitelock, 12 Ind. 338; Nesbitt v. Dallan, 7 Gill & J. 494; Lawrence v Houghton, 5 Johns. 129.

There is no available error, and the judgment must be affirmed.

*Judgment affirmed.*