THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN H. NIEBUHR, Appellant, *v.* WILLIAM McADOO, as Police Commissioner of the City of New York, Respondent.

WITNESS — FAILURE TO ADMINISTER OATH TO A WITNESS IN PROCEEDING TO REMOVE POLICEMAN — WAIVER THEREOF.    The inadvertent omission of a deputy police commissioner of the city of New York to administer an oath to a witness, who testified against a patrolman upon one of three charges against him which were then being heard by the commissioner, such witness having been actually sworn and having testified as to one of the other charges, does not invalidate the proceedings where the patrolman, who must have known of the omission, made no objection and cross-examined the witness; since such patrolman, by omitting in any manner to object, consented that the testimony of such witness might be considered by the commissioner without any further sanction than such as might arise from the fact that he had already been sworn to tell the truth upon one of the two other charges which were tried at the same time.

*People ex rel. Niebuhr.* v. *McAdoo,* 107 App. Div. 615, affirmed.

(Argued March 2, 1906; decided March 13, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 22, 1905, dismissing a writ of certiorari and confirming the

1906.]	People ex rel. Niebuhr *v.* McAdoo.	305

N. Y. Rep.]	Opinion of the Court, per Willard Bartlett, J.

determination of the defendant in dismissing the relator from the police force of the city of New York.

The facts, so far as material, are stated in the opinion.

*Louis O. Van Doren* and *Leonard A. Snitkin* for appellant. The deputy commissioner erroneously took the evidence of one Louis A. Smith, a witness against the relator, without swearing the witness on this charge. (*People ex rel. Kasschau* v. *Police Board,* 155 N. Y. 40; *People ex rel. Somerville* v. *Roosevelt,* 156 N. Y. 692; *People ex rel. Grogan* v. *York,* 166 N. Y. 582; *People ex rel. Hart* v. *York,* 169 N. Y. 452; *People ex rel. Shiels* v. *Green,* 179 N. Y. 195.)

*John J. Delany, Corporation Counsel (Theodore Connoly* and *Royal E. T. Riggs* of counsel), for respondent. The three charges against relator were tried as one continuous proceeding, and it was not necessary to re-swear the witnesses Ryan and Smith on the third charge when they had already been sworn on the first charge. (*People ex rel. Ballard* v. *Moss,* 34 App. Div. 475; *People ex rel. Kasschau* v. *Police Board,* 155 N. Y. 40.)

Willard Bartlett, J. The only point which we deem it necessary to discuss on this appeal arises out of the inadvertent omission of the deputy police commissioner to administer the oath to one of the witnesses who testified against the relator. According to the original return this witness, where his name first appears in the record, is mentioned as being "re-called." By the additional affidavits, however, which serve the purpose of a supplemental return, it is made sufficiently clear that three charges against the relator were intermingled in the hearing conducted by the deputy police commissioner; that the witness in question had been actually sworn as to one of these charges, but that there was an omission to swear him again when he was re-called to testify in regard to the particular charge which was the basis of this proceeding. The rela-·tor, who was present, made no objection to the reception of the testimony of the witness; but it is, nevertheless, argued

20

that its admission is fatal to the determination, inasmuch as the relator's failure to object did not constitute a waiver, under the authority of *People ex rel. Kasschau* v. *Board Police Comrs. N. Y.* (155 N. Y. 40).

The facts of that case were very different. It involved much more than the mere omission, by inadvertence or mistake, to administer the oath to a single witness out of a large number of persons called to the stand. There was an intentional failure to swear any of the witnesses, the manifest idea of the acting police commissioner being that he possessed the power and right to remove the officer upon wholly unverified statements, and those alone. The departure, not only from the form, but from the substance of judicial procedure, in the *Kasschau* case was so glaring and willful, the removal of the relator therein being without the support of a shred of sworn evidence, that the silence of the accused officer, under the exceptional circumstances there presented, was not deemed to be a waiver.

Here, however, we have no purpose on the part of the deputy commissioner to dispense with the oath, but evidently an assumption on his part that an oath administered to a witness upon being called to testify in respect to one of the three charges intermingled in the investigation sufficed to qualify the witness to speak in reference to another charge in regard to which he was not specifically sworn. The relator appears to have joined in this assumption. He cross-examined the witness without an intimation of any objection, although he must have known all that the deputy commissioner knew about the omission to swear him specifically as to this charge. We think a waiver may fairly be implied under the authorities.

In *Lawrence* v. *Houghton* (5 Johns. 129) the question was whether a former judgment in a Justice's Court was a bar. Upon the trial the justice, who had tried the former suit, stated to the jury that there was a former suit between the parties, the nature of it and the judgment. Upon appeal it was held: "The statement of the justice was not competent evidence of itself, but could be made so by consent of the

1906.]     People ex rel. Niebuhr *v.* McAdoo.     **307**

N. Y. Rep.]   Opinion of the Court, per Willard Bartlett, J.

parties, and that consent was to be inferred from the omission of the plaintiff to object to it when it was offered and given. *Qui tacit consentire videtur.*"

In *Cady* v. *Norton* (14 Pick. 236) a motion was made by the defendant to set aside the verdict on the ground that one of the witnesses who had testified to material facts on the part of the plaintiffs was not sworn.   The defendant and his counsel became aware of this fact before the case went to the jury, while his counsel was summing up, at which time the witness had left town for his home ten or twelve miles distant.   The attention of the court was not called to the matter, nor was any exception taken, and it was held on review by Shaw, Ch. J., that the objection was not available after verdict.   The exception insisted on was said to be obviously one of the kind which a party has the right to waive, it being competent to parties and not uncommon in practice by consent to receive the statement of a person as evidence who is not sworn.

" If a party admits proof to be taken in a cause without an oath after it has been acted upon and made the basis of a judgment, he cannot object to the admissibility." (*Nesbitt* v. *Dallam*, head note, 7 Gill & Johns. [Md.] 494.)

In *Slauter* v. *Whitelock* (12 Ind. 338) one of the grounds of the attack on a verdict for the plaintiff was that one of the witnesses had not been sworn.   "We are not informed," says the court, " when the mistake as to the testimony having been without the sanction of an oath was discovered by the complaining party.   The first we hear of it is in the reasons for a new trial.   If it was known before the jury retired, the mistake could have been corrected by swearing the witness and rehearing the evidence, or if that course was not taken, by an instruction to the jury to disregard his statements.   If no motion was made upon the discovery, by either party, it would amount to acquiescence in the reception of his statements as evidence in the case."

The case of *Hawks* v. *Baker* (6 Me. 72) was one in which an unsworn witness testified, believing that he had been sworn, and in which the omission to administer the oath

was unknown to the parties or their counsel until after the verdict. Here, of course, there was no room for the application of the doctrine of waiver, and the verdict was set aside; but the court in granting a new trial, distinctly recognized the fact that a party might by implication consent to the reception of testimony by a witness who had not been sworn, saying : " It is a well settled principle of law that no evidence can be permitted to go to the jury, unless under oath, *without express or implied consent.*"

It seems to us that it is not too much to say in the case at bar that the relator, by omitting in any manner to object, consented that the testimony of the witness Louis A. Smith might be considered by the deputy police commissioner without any further sanction than such as might arise from the fact that he had already been sworn to tell the truth upon one of the two other charges which were tried, in part at least, at the same time.

The order of the Appellate Division should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Order affirmed.