THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HARRY FISHER, Appellant.

First Department, March 8, 1918.

Crime — witnesses — interpreters — oath — evidence — hearsay declarations of unsworn interpreters — waiver of oath.

It is the well-settled practice to administer oaths to interpreters to interpret well and truly.

Interpreters are deemed witnesses who may be criminally prosecuted for failing to interpret properly, and unless they are sworn their statements as to what the witness under examination says are mere hearsay declarations and incompetent.

Where a party against whom a witness is called, knows at the time that the witness was not sworn or discovers it before the end of the trial and fails to bring it to the attention of the court, he will be deemed to have acquiesced in the giving of the testimony without the sancity of an oath.

In the absence of evidence satisfactorily showing a waiver, the testimony upon which an adjudication in either a civil or criminal case is made must be under oath.

Where, in the prosecution of a defendant for the crime of grand larceny, the defendant and his counsel had the right to assume that the district attorney calling a witness, the giving of whose testimony necessitated the use of an interpreter, and the magistrate would perform their duty of having the interpreter sworn, a conviction resting wholly on the stenographer's minutes of the testimony of the complaining witness on the examination before the magistrate should be reversed and a new trial granted, it appearing that the interpreter had not been sworn.

SHEARN, J., dissented, with opinion.

APPEAL by the defendant, Harry Fisher, from a judgment of the Court of General Sessions of the Peace, city and county of New York, rendered against him on the 16th day of October, 1916, convicting him of the crime of grand larceny in the first degree.

*K. Henry Rosenberg,* for the appellant.

*Don Carlos Buell* of counsel [*Edward Swann, District Attorney*], for the respondent.

LAUGHLIN, J.:

The indictment charged in the first count, under which defendant was convicted, that on the 11th day of September,

1915, in the night time, the defendant stole, took and carried away from the person of one Tofano the sum of $161, lawful money of the United States, which constitutes grand larceny in the first degree. (Penal Law, §§ 1290, 1294.)

It was shown that about eight-thirty P. M. on the evening in question Tofano while about to board a car in the subway at Norfolk and Delancey streets in the borough of Manhattan, New York, grabbed hold of the defendant and called a policeman who, on a charge communicated to him by Tofano through the son of the latter as interpreter, arrested the defendant and took him to the station house, where Tofano through an interpreter explained the charge which he made against the defendant, and the defendant was held and taken before the City Magistrate's Court in the third district the next morning and the proceeding was adjourned until the sixteenth of September at which time an assistant district attorney appeared for the People and the defendant appeared in person and by Mr. Dittler, his attorney. Tofano was sworn and examined through an interpreter and his testimony was recorded by the official stenographer, and thereon the defendant was held to answer to the charge of grand larceny in the first degree. He was subsequently indicted and brought to trial in the Court of General Sessions. At the time of the trial Tofano had departed from the State for Italy and the only evidence tending to show that defendant was guilty of the crime was the stenographer's minutes of Tofano's testimony on the examination before the magistrate which were offered and received in evidence over defendant's objection that it did not appear that the testimony was given through an official interpreter or that an oath was administered to the interpreter to interpret properly from English into Italian and from Italian into English. Preliminary to the introduction of the stenographer's minutes the stenographer was called and sworn and testified that he had his original notes and a copy thereof written out in longhand with a certificate signed by him and by the magistrate; that defendant was present and afforded an opportunity to cross-examine Tofano, and at the close of the direct examination defendant's attorney asked only one question through the interpreter and that was whether he was positive that the hand, which he had

testified he felt in the vicinity of his pocket and grabbed, was that of the defendant and he answered in the affirmative. The testimony of Tofano if competent was sufficient to show that the defendant was guilty of the crime charged; but without it there is no evidence to sustain the conviction. The certificate of the stenographer and examining magistrate with respect to the minutes of the stenographer, if offered and read. in evidence by virtue of the provisions of section 221-b of the Code of Criminal Procedure, would have constituted a sufficient deposition of Tofano to render the same admissible under section 631 of the Code of Criminal Procedure in view of the absence of Tofano from the State at the time of the trial; but the certificate was not received in evidence. The minutes of the official stenographer read in evidence recited that ' Tofano was called as a witness in behalf of the People and duly sworn and testified through the official interpreter; but. the testimony of the official stenographer tends to impeach his record for he testified that one Kunzli, who was not the ꞁ official interpreter but an assistant complaint clerk whose duties were to write complaints and to act as assistant clerk, acted as the interpreter, and that he did not know whether or not the magistrate administered to Kunzli an oath to interpret properly from English into Italian and *vice versa.* On a motion for a new trial after the conviction made on the ground of newly-discovered evidence it was conceded by the assistant district attorney that Kunzli, who was not the official interpreter, acted as interpreter, and that he was at no time sworn as interpreter. It was shown that Tofano was unable to speak or understand the English language and could only testify through an interpreter of the Italian language, and that the oath to Tofano was administered in English and assumed to be translated by Kunzli into Italian, and that the questions were likewise propounded in English and assumed to be translated into Italian by the interpreter and that Tofano's answers in Italian were assumed to be translated into English by the interpreter, and that Kunzli was appointed by the board of city magistrates as clerk but was not appointed or designated by them to act as interpreter, and that he was neither sworn by the board of city magistrates nor by the magistrate to perform the duties of an interpreter.

It does not appear whether or not the defendant or his attorney knew at the time of the examination before the magistrate that Kunzli had not been sworn as an interpreter; but the attorney who represented the defendant at that time made an affidavit to the effect that Kunzli was not sworn by the magistrate as an interpreter at the time of the examination. Section 392 of the Code of Criminal Procedure provides that the rules of evidence in civil cases are applicable to criminal cases except as otherwise therein provided and the only exception that appears is with respect to a child actually or apparently under the age of twelve years who does not in the opinion of the magistrate understand the nature of an oath in which case the evidence of the child may be received though not given under oath if in the opinion of the court or magistrate the child is possessed of sufficient intelligence to justify the reception of it but it is expressly provided in said section that no person shall be held or convicted of an offense upon such testimony unsupported by other evidence. There are statutory provisions requiring the administration of an oath to official interpreters; but our attention has not been drawn to any statute and we are not aware of any providing that all interpreters shall be sworn. It is, however, the well-settled practice, and has been from time immemorial, to administer oaths to interpreters to interpret well and truly; and interpreters are deemed witnesses who may be criminally prosecuted for failing to interpret properly and unless they are sworn their statements with respect to what the witness under examination says are mere hearsay declarations and incompetent. (*Amory* v. *Fellowes*, 5 Mass. 219, 224, 225; *Vandervoort* v. *Columbian Ins. Co.*, 2 Caines, 155; *Case of Norberg*, 4 Mass. 81; Abbott's Civil Jury Trials [3d ed.], 236; *People* v. *Lem Deo*, 132 Cal. 199; 64 Pac. Rep. 265; *Commonwealth* v. *Jongrass*, 181 Penn. St. 172; 1 Greenl. Ev. [16th ed.] §§ 162, 439-e.) The method of swearing witnesses is prescribed in the Code of Civil Procedure, sections 845–850, and section 851 of said Code (now Penal Law, § 1622) declares false swearing to be perjury. Where the practice is to swear witnesses collectively it has been held to be the duty of the party calling the witness to see that he is sworn and that the other party

may assume that the witness has been sworn and cannot be deemed to have waived it if he did not discover the fact until after the trial and he will then be entitled to a new trial on the ground that a witness was not sworn even though the witness who was not sworn swears that the testimony given by him was true (*Hawks* v. *Baker*, 6 Maine, 72), but where the party against whom a witness is called knows at the time that the witness was not sworn or discovers it before the end of the trial and fails to bring it to the attention of the court he will be deemed to have acquiesced in the giving of the testimony without the sanctity of an oath. (*People ex rel. Niebuhr* v. *McAdoo*, 184 N. Y. 304.) However, in the absence of evidence satisfactorily showing a waiver the testimony upon which an adjudication in either a civil or criminal case is made must be under oath. (*People ex rel. Kasschau* v. *Police Comrs.*, 155 N. Y. 40.)

We are of opinion that in the case at bar the defendant and his counsel had the right to assume that the district attorney calling the witness, the giving of whose testimony necessitated the use of an interpreter, and the magistrate would perform their duty of having the interpreter sworn and the witness sworn through a sworn interpreter, and although close attention to the proceedings might have disclosed that the interpreter was not then sworn they had the right to assume that if not then sworn he had been sworn as an interpreter and that it was unnecessary to renew the oath to him on the particular hearing. The conviction rests wholly on hearsay evidence, that is, on what an unsworn interpreter said that Tofano said when the witness Tofano may not have been under oath depending on whether or not the oath was properly administered to him through the interpreter. Had the interpreter been sworn, these things would be presumed, but not having been sworn, there is no presumption with respect to the due performance of duty by him.

It follows, therefore, that the judgment should be reversed and a new trial granted.

CLARKE, P. J., DOWLING and PAGE, JJ., concurred; SHEARN, J., dissented.

First Department, March, 1918.          [Vol. 182.

SHEARN, J. (dissenting):

The appellant has been convicted of the crime of grand larceny in the first degree, committed by feloniously taking $161 from the pocket of a passenger on the subway. No testimony whatever was introduced in his behalf, and no pretense is made that he was not guilty. We are asked to set aside the judgment upon the highly technical ground that it does not appear that the interpreter in the Magistrate's Court was sworn. In the record on appeal from the judgment of conviction it does not appear whether or not the interpreter was sworn. It is, therefore, to be presumed that the city magistrate performed his duty and administered an oath to the official who acted as interpreter. (*Hilts* v. *Colvin*, 14 Johns. 182, 184; *People ex rel. Manhattan R. Co.* v. *Barker*, 146 N. Y. 304, 313; Wigm. Ev. § 2534.) Appended to the record on appeal from the judgment of conviction are the proceedings upon a motion for a new trial. If it is proper to resort to these papers for proof as to whether the oath was administered, we find an affidavit of the attorney for the defendant who represented him both upon the hearing before the magistrate and upon the trial of the indictment, stating that the clerk's assistant who acted as interpreter "was not sworn by said Magistrate Nolan or by the said Board of City Magistrates on September 16, 1915 [the day of the hearing], or at any time in September, 1915, to act or perform the duties of an interpreter. * * * I distinctly recall that Mr. Emil Kunzli acted as the interpreter upon the said examination, and assert that he was not sworn to act as such by Magistrate Nolan." The attorney does not state that he bases these averments upon any subsequent or independent investigation, and it is apparent that he knew at the time of the hearing in the Magistrate's Court that the interpreter had not been sworn. He thus stood by and with full knowledge permitted the testimony of the complaining witness to be given in evidence through an interpreter who was not sworn. No claim is made that there was any error in the translation. Now, after consenting to this course, and after a judgment of conviction, the attorney comes forward with an affidavit on motion to set aside the judgment upon this informality to which he was a party. It seems to me that such tactics should not

be permitted to succeed. It was just as competent for the appellant's attorney, on behalf of his client, to waive the oath to the interpreter as it would have been for him to have waived examination, and there is no doubt that where a party against whom a witness is called knows at the time that the witness was not sworn, or discovers it before the end of the trial, and neglects to bring it to the attention of the court, he will be deemed to have acquiesced to the giving of the testimony without the sanctity of an oath. (*People ex rel. Niebuhr* v. *McAdoo,* 184 N. Y. 304.) The attorney for the defendant nowhere claims that he was not fully aware at the time of the examination that the interpreter was not sworn; on the contrary, his affidavit shows clearly, to my mind, that he knew that the interpreter was not sworn and regarded the informality as entirely unsubstantial. Considering the command of section 542 of the Code of Criminal Procedure, requiring the court · on appeal to give judgment without regard to technical errors or defects which do not affect the substantial rights of the parties, and in view of the evidence of waiver, the absence of any claim of error in the translation, and there being no claim even that the defendant is not guilty, I think that the judgment should be affirmed.

Judgment reversed and new trial ordered. Order to be settled on notice.