■ In the Matter of THOMAS B. LEONARD, Petitioner, v. HOWARD A. JONES, as Chairman of the New York State Narcotic Addiction Control Commission, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Narcotic Addiction Control Commission dismissing petitioner from his employment with the commission. Three of the five charges brought against petitioner, a Senior Community Narcotic Education Representative, were found by the respondent to have been substantiated and he has been dismissed from his position. The charge of taking vacation time without proper authorization cannot be upheld since it is based solely on the testimony of three witnesses not taken under oath (*Matter of Hecht* v. *Monaghan*, 307 N. Y. 461, 474; *People ex rel. Kasschau* v. *Police Comrs. of City of N. Y.*, 155 N. Y. 40, 44; *Matter of Kehrley* v. *McGough*, 19 A D 2d 933). Petitioner's failure to object at the hearing did not here constitute a waiver of his right to have the testimony taken under oath (*People ex rel. Niebuhr* v. *McAdoo*, 184 N. Y. 304, 306; *People ex rel. Kasschau* v. *Police Comrs. of City of N. Y.*, supra, p. 45; compare *Wilcoxon* v. *United States*, 231 F. 2d 384; *Matter of Sowa* v. *Looney*, 23 N Y 2d 329). However, the findings with respect to the other two charges, that petitioner had neglected to spend adequate time in the communities for which he was responsible and that he had not submitted written reports as directed by his supervisor, are not so tainted, and since we find no basis advanced to disturb such findings, they must be upheld. We cannot agree with petitioner's contention that the findings on these charges are not supported by substantial evidence. Involved are solely issues of disputed fact and credibility which were for the respondent to resolve (*Matter of Sowa* v.

*Looney, supra,* p. 336). Nor does the fact that petitioner's supervisor based a portion of his testimony upon an exhibit introduced by one of the prior witnesses, who was not under oath, taint the supervisor's testimony since his testimony was under oath and petitioner and his counsel knew at that time that the prior witness had not been sworn and yet did not object to the use of the exhibit (cf. *Matter of Sowa* v. *Looney, supra*). Petitioner also disputes his dismissal as an abuse of discretion. However, the punishment or discipline imposed by an agency may be set aside only if it "is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness." (*Matter of Stolz* v. *Board of Regents of Univ. of State of N. Y.*, 4 A D 2d 361, 364; CPLR 7803, subd. 3.) The record in this present case does not represent a single mistake in an otherwise unblemished record (cf. *Matter of Tannenholz* v. *Waterfront Comm. of N. Y. Harbor*, 36 A D 2d 930, affd. 30 N Y 2d 668; *Matter of Gaines* v. *Allen*, 20 A D 2d 598). Rather petitioner at least twice ignored the orders of his superior to conduct field visits. He also continually disregarded his superior's orders to submit certain reports. Moreover, the record clearly establishes that he has a history of attempting to nullify his superior's orders by simply ignoring them and these orders were simply in effect that he carry out his primary employment duties. It, therefore, cannot be said that the punishment was disproportionate. Determination confirmed and petition dismissed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.