■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETTY O. MUKA, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered November 18, 1977, upon a verdict convicting defendant of the crime of unlawful imprisonment in the second degree. The events underlying this indictment occurred on April 3, 1975 when the defendant met with the Tompkins County District Attorney, Joseph Joch, in his office to discuss the 333 charges she had lodged against various public officials. The defendant was informed by Mr. Joch on that occasion that he had decided that he would not prosecute any of these charges. After a long discussion in which the defendant vehemently objected to this decision, the defendant left Mr. Joch's office. As Mr. Joch prepared to depart at 6:30 P.M., the defendant, who was waiting outside his office, told him he was under arrest for crimes stemming from his refusal to prosecute the various charges she had lodged against others and for crimes allegedly committed by him

during their talk. She gave him *Miranda* warnings and seized him physically by the arm. The two struggled. Mr. Joch attempted to release himself and the defendant attempted to restrain him. Mr. Joch then agreed to accompany the defendant to the Sheriff's office. There, the defendant declared that Mr. Joch was under arrest and demanded that the deputy detain him. The deputy refused to comply and summoned the city police. Captain Pagliaro arrived and, after being informed by the defendant of the reasons for her arrest of Mr. Joch, he, also, declined to detain him. At the defendant's continued insistence that Mr. Joch be detained and her refusal to disengage herself from a physical restraint of Mr. Joch, the defendant, Mr. Joch and Captain Pagliaro proceeded over to the Ithaca police station to consult with the City Prosecutor, Robert Hines. Mr. Hines was summoned. While waiting for him to arrive, the defendant was told by Captain Pagliaro several times that Mr. Joch was free to go. Each time that Mr. Joch attempted to leave, defendant blocked his departure. Mr. Hines finally arrived at 9:30 P.M. He told the defendant, after listening to her demand to detain Mr. Joch, that she had no right to arrest Mr. Joch and that if she did not stop interfering with Mr. Joch's departure, she would be arrested. The defendant refused to desist and at 10 P.M., as Mr. Joch once again attempted to leave, she grabbed his arm and held him. Captain Pagliaro and Prosecutor Hines pried her fingers loose and Mr. Joch was allowed to leave. The defendant was then arrested and charged with unlawful imprisonment in the second degree. She was found guilty of the charge after a jury trial. The defendant appears *pro se* on appeal. Her brief is exceedingly rambling, but several relevant questions are discerned therefrom which we will address. The defendant contends that the Trial Judge should have disqualified himself from presiding at the proceedings because she had lodged criminal complaints against him stemming from his denial of pretrial motions in this case. We conclude that the Presiding Judge was not statutorily disqualified under these circumstances (see Judiciary Law, § 14). Although it might have satisfied appearances better had the Judge withdrawn from the case, the record discloses that he was in every regard patient, courteous and evenhanded. He permitted the *pro se* defendant, because of her legal inexpertise, great latitude in both cross-examination of the People's witnesses and in her presentation of her witnesses and her testimony. The record disclosed absolutely no bias against the defendant, whose rambling presentation might well have irritated a less patient jurist. The defendant contends also that the evidence presented was not sufficient to convict her because she was legally restraining Mr. Joch pursuant to a citizen's arrest for his failure to prosecute the various charges she had lodged against others. She argues that section 700 of the County Law requires that a District Attorney prosecute all the crimes she lodged. We disagree. The mere refusal of a District Attorney to prosecute a complaint is not a crime. The District Attorney has discretion over what to prosecute (*People v Di Falco*, 44 NY2d 482; *People v Harding*, 44 AD2d 800; *Matter of Hassan v Magistrates' Ct. of City of N. Y.*, 20 Misc 2d 509, app dsmd 10 AD2d 908, mot for lv to app dsmd 8 NY2d 750, cert den 364 US 844). Consequently, five of the eight charges she attempted to arrest him for were without legal basis; namely, hindering prosecution (Penal Law, § 205.55); official misconduct (Penal Law, § 195.00); criminal facilitation (Penal Law, § 115.00); tampering with physical evidence (Penal Law, § 215.40); and conspiracy (Penal Law, § 105.05). These all related to Mr. Joch's refusal to prosecute her 333 complaints against public officials. Of the other crimes the defendant attempted to arrest Mr. Joch for, we note that one is no longer in

the Penal Law; namely, criminal slander. The charges of obstruction of judicial administration and coercion, which she also attempted to arrest him for, also have their genesis in his refusal to prosecute public officials on her numerous complaints, and his statement to her that if she persisted in such baseless accusations in the future, she would herself be charged with harassment. This statement constituted neither the crime of coercion nor obstruction of governmental administration. Mr. Joch appropriately warned her of the legal consequences of her accusations against officials who refused to do as she demanded. The record discloses that the prosecutor produced credible evidence that Mr. Joch did not commit a crime and that defendant's actions were, therefore, illegal. On this evidence, a jury could have reasonably concluded that defendant's actions were unlawful. We deem the evidence sufficient to sustain the conviction. The defendant objects, also, to the introduction of testimony of one John Lo Pinto, called by the defendant, for his failure to be sworn. The record fails to disclose an objection by defendant and we deem this a waiver of any objection for the lapse *(People ex rel. Niebuhr v McAdoo,* 184 NY 304; see, also, Richardson, Evidence [Prince, 10th ed], § 388). We find, also, that the charge to the jury was sufficiently clear on the issues to be resolved by the jury and appropriately instructed the jury on how to discharge its duty. The defendant contends that the sentence imposed is excessive. The sentence is within the statutory limit. We find no abuse of discretion in the sentence *(People v Dittmar,* 41 AD2d 788). We find no merit in defendant's additional contentions. Judgment affirmed. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.