■ In the Matter of Louis AVILES, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Charles Scully, dated December 7, 1987, which, after a hearing, found that the petitioner violated prison rules prohibiting assault and violent conduct, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Donovan, J.), entered April 28, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Following a Tier III Superintendent's hearing, the petitioner was found to have violated prison rules prohibiting assault and violent conduct arising from an incident during a visit with his wife. The Hearing Officer had previously conducted two other disciplinary hearings involving this petitioner. The petitioner contends that the Hearing Officer was biased against him because the petitioner had sought administrative and judicial review of the prior determinations.

We find that merely because this Hearing Officer had previously found the petitioner guilty of other unrelated charges and was aware that the petitioner had challenged such determinations did not require the officer to disqualify himself in the instant matter *(see, Matter of Grant v Senkowski,* 146 AD2d 948). A review of the record discloses that the Hearing Officer was in every regard patient, courteous and even-handed. He permitted the petitioner great latitude in presenting his case and in cross-examining the correction officer witness. The record discloses absolutely no bias against the petitioner *(see, People v Muka,* 72 AD2d 649). We further find that the determination is supported by substantial evidence in the record. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.