ALBANY,<br>
January, 1819.<br>
HARTFORD<br>
v.<br>
PALMER.

———◦❈◦———

## HARTFORD *against* PALMER.

IN ERROR, on *certiorari* to a Justice's Court.

In this case a verdict and judgment were rendered for the defendant below, on which the plaintiff below brought a *certiorari;* and the only question arising on the return was, whether the justice ought to have refused to swear a witness, who was, when offered to testify, in a state of intoxication.

*Per Curiam.*   We are of opinion, that the justice decided correctly in refusing to swear the witness.   *Peake* lays down this general proposition, which cannot fail to command the assent of all mankind, " that all persons who are examined as witnesses, must be fully possessed of their understanding, or who are labouring under a temporary privation of them, when offered to testify, nible witnesses.

that is, such an understanding as enables them to retain in memory the events of which they have been witnesses, and gives them a knowledge of right and wrong; that, therefore, *idiots* and *lunatics,* while under the influence of their malady, not possessing this share of understanding, are excluded." This principle, necessarily, excludes persons from testifying, who are besotted with intoxication, at the time they are offered as witnesses; for it is a temporary derangement of the mind; and it is impossible for such men to have such a memory of events, of which they may have had a knowledge, as to be able to present them, fairly and faithfully, to those who are to decide upon contested facts. A present and existing intoxication, to a considerable degree, utterly disqualifies the person so affected, to narrate facts and events in a way at all to be relied on. It would, we think, be profaning the sanctity of an oath, to tender it to a man who had no present sense of the obligations it imposed. Indeed, it would be a scandal to the administration of justice, to allow, for a moment, the rights of individuals to be jeopardized by the testimony of any man labouring under the beastly sin of drunkenness. The return does not state the degree of intoxication which the justice considered sufficient to exclude the witness; but we are to presume, that it was evident and palpable; and every Court must necessarily have the power to decide, from their own view of the situation of the witness offered, whether he be intoxicated to such a degree, as that he ought not to be heard; nor can this lead to any improper consequences; for if the witness was not so intoxicated, the justice would be responsible in an action for a false return. We cannot withhold our approbation of the firmness which the magistrate has evinced on this occasion, in refusing to administer an oath to a witness thus circumstanced.

Judgment affirmed.