aeadld.

## HOYT COMMITTEE OF G. W. WOLCOTT, Respondent, *v.* ADEE, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1870.)

An inquisition of lunacy, found against a witness, is *prima facie* evidence of his incompetency to testify. And this is so although his testimony is offered against one who was not party to the proceedings in lunacy.

Inquisitions of lunacy are generally admissible in evidence, but are conclusive only against parties concerned therein and their privies.

THIS was an appeal to the General Term from a judgment rendered at circuit. The facts appear from the opinion.

*D. B. Prosser* for the appellant.

*D. Rumsey* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—MULLIN, P. J. On the trial of this cause Wolcott was offered as a witness and was objected to on the ground of lunacy. To establish his incompetency an inquisition finding him to be at the time of the finding a lunatic was offered in evidence. It was rejected on the ground that the defendant was not a party, and it was as to him *res inter alios acta*. And that in order to establish the witness' lunacy, witnesses must be produced who could testify thereto. The witness was sworn and examined as a witness, and the defendant's counsel excepted.

The ruling of the learned judge is erroneous. The inquisition was *prima facie* evidence of his insanity and should

have been received as such, and unless overcome by evidence from the plaintiff he should have been rejected.

It is said in the second Phillips Evidence (Edwards' ed., 266), that an inquisition of lunacy is competent against third persons not parties or privies, but it is only *prima facie.*

In 1 Greenleaf's Evidence, section 556, it is said that inquisitions are analogous to proceedings *in rem,* being made on behalf of the public, and that therefore no one can strictly be said to be a stranger to them. * * * The general rule in regard to these documents is that they are admissible in evidence, but that they are not conclusive except against the parties immediately concerned and their privies.

The judgment should be reversed and a new trial ordered, costs to abide the event.

Judgment reversed.