## COURT OF APPEALS.
### Oct. 19, 1909.

## THE PEOPLE v. MEYER WASHOR.

(196 N. Y. 104.)

(1). JURISDICTION—REMOVAL OF INDICTMENT TO SUPREME COURT.

The Supreme Court is a court of general jurisdiction and is presumed to have acted within such jurisdiction in trying an indictment, and where a defendant submits without protest to its jurisdiction, he cannot thereafter claim that an indictment against him was improperly removed to such court from the Court of General Sessions of the city and county of New York.

(2). TRIAL—WITNESS—INTELLIGENCE OF ADULT DETERMINED BY TRIAL COURT.

There is no rule by which the extent of the intelligence of an adult who is called as a witness can be measured. It must necessarily be left to the good judgment of the trial court to determine whether such a witness offered by a party to an action shall be sworn. The determination of the trial court should be sustained particularly where the testimony is received and the weight to be given to it is left to the jury, unless there is a clear abuse of discretionary power.

(3). SAME—JURY PROPER JUDGES OF WEIGHT TO BE GIVEN EVIDENCE OF MINOR, SWORN WITHOUT OBJECTION.

A boy fifteen years old was called by the People and sworn without objection. At the close of the evidence, defendant's counsel moved to strike out his testimony on grounds based wholly on his negative answers to leading questions on cross-examination relative to his understanding of the nature of an oath and what would be done with him if he swore falsely, which motion was denied. *Held,* no error of law was committed and the jury were the proper judges of the weight to be given the testimony of the witness.

*People v. Washor,* 132 App. Div. 924, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 7, 1909, which affirmed a judgment rendered at a Trial Term

3

upon a verdict convicting the defendant of the crime of assault in the third degree.

The facts, so far as material, are stated in the opinion.

*Aaron J. Levy* for appellant.   The Supreme Court did not acquire jurisdiction over the defendant, since the indictment against him was not lawfully removed from the Court of General Sessions.   (*People v. Baker,* 3 Parker, 181; *People v. Jewett,* 3 Wend. 313; *People v. McCraney,* 21 How. Pr. 149; *People v. Jones,* 79 N. Y. 45).   The trial court erred in denying defendant's motion to strike from the record the testimony of Abraham Ruskin after it was ascertained that he did not apprehend the nature of an oath.   (Code Crim. Pro. §§ 845-850; 2 Taylor on Ev. 1175; *Jackson v. Gridley,* 18 Johns. 98; *Butts v. Swartwood,* 2 Cow. 431; *People v. Matteson,* 2 Cow. 433; *Omichund v. Barker,* Willes, 549; *Denn v. Van Cleve,* 2 So. Rep. 652; *Queen's Case,* 2 B. & B. 284; *Curtis v. Strong,* 4 Day, 53; Wigmore on Ev. § 1815; Tyler on Oaths, 12; *People v. McNair,* 21 Wend. 608; *People v. Linzey,* 79 Hun, 23; *Carter v. State,* 63 Ala. 52; *Wheeler v. United States,* 159 U. S. 523).

*William Travers Jerome, District Attorney (Robert S. Johnstone* of counsel), for respondent.   The Supreme Court has general jurisdiction in law and equity (N. Y. Const. art. 6, § 1), and hence the presumption is that it acted in accordance with the rules of practice governing it, and did not act until every prerequisite prescribed by the law had been complied with.   It is also to be presumed that its powers had been properly invoked in a suitable or proper manner.   (*Steinhardt v. Baker,* 163 N. Y. 410).   Inasmuch as the defendant submitted without protest to the jurisdiction of the court he must be deemed to have waived any defects in the procedure—assuming for the purpose of the argument that any there were—by which

the Supreme Court obtained jurisdiction of the case. (*People v. Hall,* 169 N. Y. 184; *People v. Tower,* 10 N. Y. Cr. Rep. 95; 135 N. Y. 457; *People ex rel. Weick v. Warden,* 117 App. Div. 154; *Pierson v. People,* 79 N. Y. 424; *People v. Winness,* 3 N. Y. Crim. Rep. 89; *People v. Osterhout,* 34 Hun, 260; *People v. Guidici,* 100 N. Y. 503; *People v. Cignarale,* 110 N. Y. 23; *People v. Carter,* 88 Hun, 304; *People v. Wheeler,* 79 App. Div. 396). There was no error in refusing to strike out the testimony of Abraham Ruskin. (Wigmore on Ev. § 1819).

CHASE, J.:

The defendant was indicted by a grand jury drawn for and held at a term of the Court of General Sessions of the city and county of New York. He was tried in the Supreme Court, New York county, and found guilty of the crime of assault in the third degree. On an appeal to the Appellate Division from a judgment of conviction it was unanimously affirmed; consequently the only questions for consideration in this court are questions of law.

The defendant urges that the indictment was irregularly and unlawfully removed to the Supreme Court for trial. The record before us states that " The appellant was arraigned upon the said indictment in the Court of General Sessions and pleaded not guilty. The indictment was thereafter *duly transferred* to the Supreme Court for trial." It does not disclose the steps taken to duly transfer the indictment from the General Sessions to the Supreme Court.

It does not appear, therefore, whether it was transferred by an order of the General Sessions or of the Supreme Court, or upon whose application it was so transferred, or whether by consent or with or without notice, or by what form of order or procedure.

The Supreme Court has power expressly conferred by statute " to try any indictment found in any county court, or the court of general sessions of the city and county of New York which has been sent by order of the county court or general sessions to and received of the Supreme court, or which has been removed from any court into the Supreme Court if, in the opinion of that court, it is proper to be tried therein." (Code Criminal Procedure, Sec. 22, sub. 4).

It is a court of general jurisdiction (State Constitution, Art. 6, Sec. 1), and it is presumed to have acted within such jurisdiction in trying the indictment. (*Smith v. People,* 47 N. Y. 330; *Steinhardt v. Baker,* 163 N. Y. 410-417).

If the defendant desired to raise any question relating to the transfer of the indictment for trial, it was his duty to affirmatively show the facts on which to make his claim. He should have asserted his claim by calling it to the attention of the court at the first opportunity. This he did not do. There is nothing now before the court to establish the defendant's contention, and even if the statements in the defendant's brief are conceded, the defendant's claim has been waived by failure to assert the claim at the trial. (*People v. Hall,* 169 N. Y. 184; *Leighton v. People,* 88 N. Y. 117; *People v. Weichers,* 179 N. Y. 459, 18 N. Y. Crim. 554; *People v. Hughes,* 137 N. Y. 29; *People v. Huson,* 187 N. Y. 97, 20 N. Y. Crim 336).

Where a defendant submits without protest to the jurisdiction of the Supreme Court to try an indictment against him, he cannot thereafter claim that it was improperly removed to such court from the Court of General Sessions of the city and county of New York. (*People v. Hall, supra*).

The defendant also insists that error was committed by the trial court in refusing to strike out the testimony of the witness W. W. was a school boy fifteen years old. He was called as a witness by the People and sworn without objection. After his direct examination had been finished and during his cross-

examination he was asked whether he understood the nature of an oath and answered, " No," and he made a similar answer to a question as to his knowledge of what would be done to him if he swore to something that was not true. He had just previously and also during his cross-examination testified that he knew what the punishment is for swearing falsely and that he knew what perjury means. After the witness had responded to said leading questions the counsel for the defendant said: " I respectfully submit that he is not qualified to testify." The court said: " Complete your cross-examination." No other motion or ruling was made and no exception taken. The cross-examination was completed, but no further reference was made in any way to the witness W. until the close of the evidence. When the case was about to be submitted to the jury the defendant's counsel asked to strike from the record the testimony of W. " Upon the ground that it does not come within the provisions of the Code of Criminal Procedure authorizing the reception of such evidence and its consideration by the jury, particularly on the ground that the witness testifies that he did not understand the nature of an oath." The motion was denied and the defendant excepted.

In his charge to the jury the trial judge said: " Now, as to the boy's testimony—the boy says that he did not understand the nature of an oath. Of course, gentlemen, you have to take into consideration the boy, his nationality, language and the grade of intelligence that he manifested. While, of course, the law expects that every one should understand the nature of an oath, yet it is a question for you to determine, considering the questions propounded to the boy, whether or not the boy clearly understood the questions presented to him or not. At all events if the case rested upon the boy's testimony unsupported or uncorroborated, I should not allow it to go to the jury, because I do not think it would be safe for any man's conviction to stand upon such testimony uncorroborated or unsupported."

The witness was in fact sworn. It appears from the record of his testimony that he was an intelligent school boy. Apparently it did not occur to any one that he should not be sworn. It was not until after damaging testimony had been given against the defendant and the cross-examination had proceeded for some time that the subject of the witness' knowledge of the obligation of an oath was considered. It was an after-thought and the motion to strike such testimony from the record stands wholly upon the negative answers to said two leading questions in entire disregard of other testimony and the general intelligence of the witness shown by his testimony as a whole. Some further questions to the witness by the court would doubtless have avoided all contention relating to that subject on the appeal. The court, however, may have assumed from the failure of the counsel for the defendant to allude to the subject of the witness' knowledge of the obligations of an oath, after his first suggestion about it during the cross-examination, until after the evidence was closed, that he had abandoned all claim relating to that subject.

When in any criminal proceeding a child actually or apparently under the age of twelve years is offered as a witness, and in the opinion of the court such child does not understand the nature of an oath, the evidence may be received " though not given under oath if, in the opinion of the court or magistrate such child is possessed of sufficient intelligence to justify the reception of the evidence. But no person shall be held or convicted of an offense upon such testimony unsupported by other evidence." (Code Criminal Procedure, section 392).

The witness W. was not actually or apparently under the age of twelve years, neither does he appear to have been of weak intellect. The court in denying the motion to strike out his testimony determined that he, at least, had some conception of the solemnity and obligations of an oath and the consequences of false swearing.

There is no rule by which the extent of the intelligence of an adult who is called as a witness can be measured. It must necessarily be left to the good judgment of the trial court to determine whether such a witness offered by a party to an action shall be sworn. The determination of the trial court should be sustained particularly where the testimony is received and the weight to be given to it is left to the jury, unless there is a clear abuse of discretionary power.

No error of law was committed in the conclusion of the court relating to that subject in this case, and the jury were the proper judges of the weight to be given to the testimony of such witness.

It is unnecessary to discuss in this opinion the other contentions of the defendant, as his rights were not erroneously affected by the rulings of which he complains.

The judgment of conviction should be affirmed.

CULLEN, Ch. J., EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; GRAY, J., absent.

Judgment of conviction affirmed.