SYLVIA OLSHANSKY, an Infant under the Age of Fourteen Years, by SAMUEL OLSHANSKY, Her Guardian ad Litem, Respondent, *v.* NATHAN PRENSKY, Appellant.

Second Department, December 13, 1918.

**Witnesses — competency of children — duty of presiding justice to examine children offered as witnesses to ascertain their capacity and the extent of their knowledge — test of competency.**

A judgment based upon the testimony of two children, one the plaintiff who was about six years and eight months old at the time of the trial, and the other who was then seven years and six months old, should be reversed, where it appears that both children were called as witnesses and sworn over the protest of the defendant's counsel, without any preliminary inquiry by the presiding justice as to their intelligence or appreciation of their duty to tell the truth.

When a child of such tender years that his competency is in doubt is called as a witness, it is the duty of the presiding justice to examine him before he is sworn, to ascertain his capacity and the extent of his knowledge.

The question of competency depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former.

APPEAL by the defendant, Nathan Prensky, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 3d day of May, 1918, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 7th day of May, 1918, denying defendant's motion for a new trial made upon the minutes.

*William Dike Reed* [*William B. Shelton* with him on the brief], for the appellant.

*Louis Phillips* [*Samuel Goldstein* with him on the brief], for the respondent.

BLACKMAR, J.:

The judgment recovered by the plaintiff rests upon the testimony of two children, one, the plaintiff, who was about six years and eight months old at the time of the trial, and the other her playmate, then seven years and six months old.

The plaintiff when called as a witness was admitted and sworn over the protest of defendant's counsel without any preliminary inquiry by the presiding justice as to her intelligence or appreciation of her duty to tell the truth. The other child was also sworn without such examination. We think that the judgment cannot be sustained. When there is called as a witness a child of such tender years that his competency is in doubt, it is the duty of the presiding judge to examine him before he is sworn, " to ascertain his capacity and the extent of his knowledge." (Code Civ. Proc. § 850.) It has been said that " If a witness is over fourteen years of age the law presumes him to possess the requisite discretion and understanding. If under that age, the duty devolves upon the trial court, in the exercise of a sound discretion, to determine whether the witness has the requisite capacity and intelligence." (*People* v. *Linzey*, 79 Hun, 23.) In the law of evidence governing the trial of criminal cases, the age of twelve years is adopted as the time when the law presumes competency. (Code Crim. Proc. § 392.) That age, instead of fourteen years as in *People* v. *Linzey*, might well be adopted in civil trials. The party against whom the witness is called is entitled to the judgment of the court as to the witness's competency before he is sworn, and as is said in *Hughes* v. *D., G. H. & M. Ry. Co.* (65 Mich. 10, 16): " As the preliminary inquiry cannot be and is not under oath, there is the strongest reason for very careful action by the judge himself on his official responsibility." Many of the reasons once assigned for the sanction of an oath are no longer regarded. (See, for illustration, *Jackson* v. *Gridley*, 18 Johns. 98.) But all are agreed that a witness must be under pressure of some influence arising out of the solemnity of the occasion, beyond the ordinary obligation of truth telling. It is this pressure which the oath or affirmation, with the consequences of its breach, furnishes. Of this the witness must have some conception; and to determine whether he has or not is the function and duty of the court, and not of the jury. (*Wheeler* v. *United States*, 159 U. S. 523; *People* v. *McNair*, 21 Wend. 609.) We highly approve the test as formulated by Mr. Justice BREWER in the *Wheeler* case, that the question of competency " depends on the capacity and intelligence of the child, his

appreciation of the difference between truth and falsehood, as well as of his duty to tell the former."

The learned justice who presided made no such preliminary inquiry, but insisted on swearing the child unless defendant would consent to waive the oath. The rights of the defendant were, therefore, not protected by the ruling of the court on the witness's competency, made after examination, to, in the words of the Code, ascertain her capacity and the extent of her knowledge.

For this reason we think that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

JENKS, P. J., THOMAS, RICH AND JAYCOX, JJ., concurred.

Judgment and order reversed and new trial granted, costs to appellant to abide the event.