THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NATHAN KLEIN, Appellant. (Appeals Nos. 1, 2 and 3.)

(Argued January 16, 1935; decided January 22, 1935.)

*Jesse Freidin, Charles L. Apfel* and *Leonard L. Berliner* for appellant.   Infant witnesses under the age of twelve years were not duly qualified by the trial court by proper preliminary examination, and their testimony was improperly received.   (*People* v. *Stanley,* 130 App. Div. 64; *People* v. *Linzey,* 79 Hun, 23; *Wheeler* v. *United States,* 159 U. S. 523; *State* v. *Whittier,* 21 Me. 347; *Olshansky* v. *Prensky,* 185 App. Div. 469; *People* v. *Donohue,* 114 App. Div. 830; *People* v. *Chamberlain,* 92 Misc. Rep. 720; *Stoopick* v. *Goldstein,* 174 App. Div. 306.)   There was no corroboration of the testimony of the infant witnesses to support the conviction.   (*People* v. *De Garmo,* 73 App. Div. 46; *People* v. *Gralleranzo,* 54 App. Div. 360; *People* v. *Cascia,* 191 App. Div. 376; *People* v. *Deitsch,* 237 N. Y. 300; *People* v. *Dixon,* 231 N. Y. 111; *People* v. *Bills,* 129 App. Div. 798; *People* v. *Grauer,* 12 App. Div. 464; *People* v. *Brehen,* 218 N. Y. Supp. 469; *People* v. *Smith,* 86 Hun, 485.)

*Martin W. Littleton, Jr., District Attorney* (*Philip Huntington* of counsel), for respondent.

*Per Curiam.*   The conviction of defendant, in three separate proceedings, upon the uncorroborated testimony of one infant witness in each proceeding, must be reversed, as the evidence does not establish the guilt of defendant beyond a reasonable doubt.   The sole witness in each of two proceedings was under eleven years of age, and in the other proceeding the sole witness was under fourteen years of age.   The two witnesses under twelve years of age were not properly examined, preliminarily, by the magistrate, before being sworn, to determine the child's competency.   (Code Crim. Proc. § 392; Civ. Prac. Act, § 365.)   The statute creates a presumption that a child under twelve years of age is not competent to be sworn.   That presumption must be overcome by a proper preliminary examination.   If, after such examination, it appears that the child should not be sworn, his

statement may be taken, " but no person shall be held or convicted of an offense upon such testimony unsupported by other evidence." Thus the legislative intent is indicated that no person shall be convicted upon the uncorroborated testimony of a child under twelve years of age whose competency has not been established by a preliminary examination. (Cf. *Olshansky* v. *Prensky,* 185 App. Div. 469.) The record discloses that two of the witnesses, including the child thirteen years of age, had on a previous trial, at which another person was being tried upon the same charge upon which defendant was tried, identified the person then being tried as the person who had committed the act for the commission of which defendant has been convicted. The conviction of the defendant must be reversed and a new trial granted.

In each case, the judgments should be reversed and a new trial ordered.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.