JOSEPH FRITSCH, JR., as Committee of Person and Estate of the Incompetent, GEORGE BIGGS, Respondent, *v.* CENTRAL TRUST COMPANY and THOMAS HENEHAN, Appellants.

Fourth Department, November 7, 1941.

*Johnson, Burton & Johnson* [*Byron A. Johnson* of counsel], for the appellants.

*Edmund Clynes*, for the respondent.

PER CURIAM. George Biggs fell upon an inside stairway in premises owned by the Central Trust Company and occupied under a lease by the defendant Thomas Henehan. Defendant Henehan was engaged in business at the time and Biggs claims that he was on the premises as an invitee of Henehan. The cause of the fall is alleged to have been a worn and defective stair carpet. Biggs

suffered injuries to his head as a result of which he was committed to a State hospital for the insane. After his commitment, Joseph Fritsch, Jr., was appointed his committee and as such committee he has brought action against the Central Trust Company and Henehan to recover damages in behalf of the incompetent. The defendants moved for an order to examine the incompetent as to the facts of the accident, claiming ignorance thereof. Upon affidavits touching the mental ability of the incompetent, and without having preliminarily examined the incompetent or the affiants, the court denied the motion and the defendants have appealed. A court may permit an incompetent person to give testimony if the court is satisfied that the incompetent has sufficient mental ability to understand the obligation of an oath and to know the relationship and the significance of the facts concerning which he is to be examined and to accurately describe these facts. The court, however, should never grant leave to examine an incompetent, capable of being produced in court, until he has satisfied himself, after a preliminary examination of the incompetent, that he is of sufficient mental ability to give testimony. (*Barker* v. *Washburn*, 200 N. Y. 280, 283.) A preliminary examination of an incompetent person by a court is in the nature of a condition precedent to the granting or denying of an order to examine him as to the facts of an accident in which he was an actor. The question of an incompetent's mental stability should not be determined upon affidavits. Until such a preliminary examination has been had and the court has passed upon the question of an incompetent's mental stability, the court is not in a position to pass upon the merits of a motion to examine an incompetent as to specified matters. Since the failure to preliminarily examine the incompetent was an inadvertence upon the part of the court and the litigants, we think the order should be modified so as to permit the renewal of the motion and as modified the order should be affirmed. The following authorities may be of interest in case of a renewal of this motion: *Hand* v. *Burrows* (23 Hun, 330, 331); Civ. Prac. Act (§ 365); *District of Columbia* v. *Armes* (107 U. S. 519); *Chilford* v. *Central City Cold Storage Co., Inc.* (166 Misc. 780, 782); *Matter of Christie* (5 Paige's Ch. 242); *Olshansky* v. *Prensky* (185 App. Div. 469); *People* v. *Klein* (266 N. Y. 188, 189); *Martello* v. *Cagliostro* (122 Misc. 306); *Hoyt* v. *Adee* (3 Lans. 173); *Hartford* v. *Palmer* (16 Johns. 143, 144). We leave open the question as to whether or not, even after a preliminary examination by the court, the Special Term, though convinced that the incompetent possesses sufficient mental ability, has the power to grant the relief sought on this motion.

All concur, except CUNNINGHAM, J., not voting. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Order modified in accordance with the opinion and as modified affirmed, without costs of this appeal to any party.