THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLAYTON H. BIRCH, Appellant.— Judgment of conviction reversed on the law and facts and a new trial granted. Memorandum: Under the circumstances before us and in view of the presumption of law that a child under the age of twelve years is not competent to be sworn as a witness (*People* v. *Klein,* 266 N. Y. 188), the court was called upon to conduct a proper preliminary examination of the witness to determine whether or not the presumption of disqualification had been overcome. In our opinion the preliminary examination of the nine-year-old complainant was quite inadequate. We also feel that the charge was inadequate in that the court failed, among other things, to marshal the evidence more fully. Mere recitation of the crimes charged without further explanation of the facts which would or would not support a verdict of guilty was insufficient. (*People* v. *Becker,* 210 N. Y. 274; *People* v. *Fanning,* 131 N. Y. 659, 663; *People* v. *Odell,* 230 N. Y. 481). Moreover, we reach the conclusion that under the decisions in *People* v. *Slaughter* (278 N. Y. 479); *People* v. *Derner* (288 N. Y. 599), and *People* v. *Churgin* (261 N. Y. 661), the judgment of conviction should be reversed and a new trial granted. All concur. (Appeal from a judgment convicting defendant of the crimes of assault, second degree, and carnal abuse.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

CHARLES SMITHLING, as Administrator of the Estate of HENRY SMITHLING, Deceased, Appellant, v. SIMON GOLDMAN, as Executor of ISAAC GOLDMAN, Deceased, Respondent.— Judgment insofar as appealed from affirmed, without costs of this appeal to either party. All concur, except McCURN, P. J., who dissents and votes for reversal and for granting a new trial on the ground that the verdict of the jury is against the weight of evidence, and, in any event, plaintiff was entitled to recover for one day's lost wages. (Appeal from part of a judgment for defendant for no cause of action on plaintiff's first cause of action for conscious pain and suffering by plaintiff's intestate, in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.