Burke, J. (dissenting).
This court lacks the power to reverse the judgment of conviction on the ground that the sworn testimony of the child witness is uncorroborated.
At common law, the testimony of a female victim in any case of sexual offense was not required to be corroborated. Such testimony alone was sufficient to support a conviction (7 Wig-more, Evidence [3d ed.], § 2061). The requirement of corroboration, that is the necessity to produce independent evidence supporting the testimony of the injured female, is of statutory origin. Thus corroboration is required by statute in cases of abduction (Penal Law, § 71), adultery (id., § 103), compulsory prostitution of a wife (id., § 1091), compulsory marriage (id., § 1455), rape (id., § 2013), seduction (id., § 2177), and compulsory prostitution (id., § 2460). Moreover, the unsworn testimony of a child under 12 years -of age (Code Crim. Pro., § 392) and also the testimony of an accomplice (Code Crim. Pro., § 399) must be corroborated.
Neither the Code of Criminal Procedure nor the Penal Law require corroborative evidence of a complainant’s testimony to support a conviction for crimes against nature, incest or impairing the morals of a minor. While charges of this nature are easily lodged and men may be maligned, it is also true that these acts usually are performed in secret and far from the view of witnesses.
Professor Wigmore, in his excellent treatise on the law of evidence, makes a plea for the use of psychiatric testimony in connection with the mental state of female complainants in certain sexual cases, viz., rape, rape under age, seduction and assault. However, this is merely a plea for a change in the law and does not deal with crimes against nature, incest or impairing the morals of a minor. In the 1937-1938 Report of the American Bar Association’s Committee on the Improvement of the Law of Evidence, the committee recommended that: ‘ ‘ in all charges of sex offenses, the complaining witness be required to be examined before trial by competent psychiatrists for the purpose of ascertaining her probable credibility, the report to be presented in evidence.” The report of *254 the psychiatrists would only be additional testimony on the credibility of a complainant and, like all opinion evidence, could either be accepted or rejected by a jury or the trier of the facts.
Hence the requirement of corroboration or other additional testimony, whether it be desirable or not, must be left to the Legislature which has not as yet seen fit to require such additional proof in these matters.
Section 392 of the Code of Criminal Procedure provides that testimony similar to that given by the complainant here should not be discredited solely because of age. A child under 12 is merely presumed to be incompetent to be sworn as a witness in a criminal case (the evidence may still be received nevertheless on certain conditions) but this presumption is overcome by a proper preliminary examination after which a child may be sworn (People v. Klein, 266 N. Y. 188). There is no rule in the common law which defines any particular age as conclusive of incapacity and in each instance capacity is to be investigated. (6 Wigmore, op. cit., § 1821.)
In Wheeler v. United States (159 U. S. 523) a boy five years old was not as a matter of law absolutely disqualified as a competent witness in a murder trial. There the disclosures of the child on his voir dire were sufficient to authorize the reception of his testimony as a witness. Mr. Justice Brewer, writing for the court (pp. 524-525), stated: “ [T]here is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former. The decision of this question ■rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as his understanding of the obligations of an oath.”
In People v. Johnson (185 N. Y. 219), also involving a murder conviction, Judge Vaste- wrote concerning the unsworn testimony of a child under 12 (p. 231): “ A child may not be able to understand the nature of an oath and yet be capable of telling what he. saw and heard on a certain occasion with entire accuracy. It was to meet such a situation that the statute was passed [Code Grim. Pro., § 392], not to aid the prosecution only, but *255 to aid the accused as well. The old saying that ‘ fools and children always tell the truth ’ rests on the common observation of mankind that while such persons can tell what they saw and heard, they cannot invent a story and stick to it when closely questioned. Of course there are exceptions to that rule, but the persons coming within it would know enough to understand the nature of the oath, if it was explained to them, and could tell the same story whether sworn or not. ” (Emphasis added.)
The voir dire administered here offers strong support to the decision of the trial court to exercise its discretion in favor of the complainant as a witness and permitting her to be sworn. Her testimony, therefore, must be considered in the same light as that of any other sworn witness in a criminal trial (see People v. Washor, 196 N. Y. 104, 109-110; People v. Linzey, 79 Hun 23; People v. O’Brien, 74 Hun 264).
Where convictions of impairing the morals of children, carnal abuse and third degree assault, depending solely on the testimony of minors, have been reversed by this court (People v. Derner, 288 N. Y. 599; People v. Slaughter, 278 N. Y. 479; People v. Churgin, 261 N. Y. 661; People v. Rosen, 293 N. Y. 683; People v. Meyers, 309 N. Y. 837), the ground for reversal was: “ there is not sufficient evidence to find the defendant guilty beyond a reasonable doubt.”
The cases of People v. Klein (266 N. Y. 188), People v. Churgin (supra), People v. Dutton (305 N. Y. 632) and People v. Meeks (283 N. Y. 694) were all decided properly within the mandate of section 392 of the Code of Criminal Procedure, there being no corroborative evidence for the unsworn testimony of witnesses under 12 or, where sworn, no proper preliminary examination was given. The decisions in People v. Derner (supra), People v. Slaughter (supra) and People v. Meyers (supra), where the witnesses were properly sworn, were based solely on the lack of any convincing testimony that should persuade a jury beyond a reasonable doubt.
As we view the record and testimony here, it presents two sharp questions of credibility: (1) an accusation and a denial, and (2) a question of whether the whole matter was one of complete fabrication invented by the child’s mother.
In this case we do not have the vague, indefinite testimony of a child witness who could not testify even to the date of the *256 alleged act by the defendant, a person of previous good reputation (People v. Meyers, supra); or vague and indecisive testimony concerning one isolated incident with a defendant of previous good standing (People v. Rosen, 293 N. Y. 683, supra); or evidence of a fleeting and momentary meeting by a boy of 15 with a defendant of previous good character (People v. Slaughter, supra); or one casual meeting with a defendant (People v. Denner, supra).
The sordid acts which the child asserted were committed upon her person were unquestionably of such a nature to be within the provisions of subdivision 2 of section 483 of the Penal Law and justify a conviction for such, if believed. The defendant, understandably, denied these charges. However, this only creates an issue of credibility. The fact that her testimony Avould also uphold a conviction for sodomy and assault, of which the defendant was acquitted, does not give rise to any inconsistency (cf. People v. Link, 3 N Y 2d 947).
The record contains definite and clear testimony both as to the date and the acts of the defendant on that date and other occasions. The testimony is strong. It was unshaken by an extensive and competent cross-examination. On the other hand, the defendant, who had abandoned his first wife and their children and was an admitted adulterer, merely denied the accusation. Such testimony presented a sharp question of credibility to the jury.
It has always been clear that in noncapital felony cases this court lacks the power to review facts. As this court stated in People v. Lobel (298 N. Y. 243, 251): “ Insofar as our disposition of this noncapital case is concerned — where the weight of evidence is not a subject for our review—it is basic that where there are conflicting inferences from proven facts the verdict of a jury is not to be set aside, in the absence of material error, unless it can be said as a matter of law that there is no evidence to support it. (People v. Sugarman, 248 N. Y. 255, 258; People v. McCarthy, 250 N. Y. 358, 364; People v. Pesky, 254 N. Y. 373.) ” (See, also, Cohen and Karger, Powers of the New York Court of Appeals, § 198, p. 742.)
Therefore, we cannot reverse without breaking doAvn the bounds that separate the fields of action of the jury and of the Appellate Division from the province of reAdew of the Court of *257 Appeals. Hence we think the verdict is supported by evidence sufficient to convict the defendant beyond a reasonable doubt.
The jury has accepted the testimony of the People. Their judgment has been unanimously affirmed by the Appellate Division. The verdict, under such circumstances, is conclusive upon this court.
In People v. Sutherland (154 N. Y. 345, 350) this court wrote: “It is undoubtedly true that this court has power in a capital case to review the facts and set aside a verdict of conviction when not supported by sufficient evidence, or when it appears that injustice has been done. But where there is a conflict in the evidence, or where opposing inferences are to be dra/wn from the facts, it is the province of the jury to determine where the truth is, and the verdict, under such circumstances, is conclusive upon the courts ”. (Emphasis added.)
Defendant argues that the trial court erred in refusing to order , a physical examination of the child. There is, however, no statute and no case in this State which authorizes a physical examination of a complainant in a criminal ease involving a sexual offense. Assuming, however, that this practice is permissible in the absence of any direct authorization therefor, the granting of such a motion would rest in the sound discretion of the court (see, e.g., McGuff v. State, 88 Ala. 147; King v. State, 100 Ala. 85; McArthur v. State, 59 Ark. 431, 436; State v. Pucca, 4 Pennewill [Del.] 71; Thomas v. Commonwealth, 188 Ky. 509; Walker v. State, 12 Okla. Cr. 179; State v. Driver, 88 W. Va. 479).
Assuming arguendo that the trial court had the power to order a physical examination of this child, we do not believe that the denial constituted an abuse of discretion. The crimes charged were oral sodomy, assault, second degree, and endangering morals. We fail to see how the testimony of this child could be seriously affected or the examination probative on these issues when the examination was requested four months after the alleged occurrences. Remembering that rape was not charged and that any penetration, no matter how slight, will suffice, whether or not a physical examination would reveal this child to be virginal would not affect her credibility. It would lack any probative value and be irrelevant on the issues before the trial court.
*258 The trial court did not commit reversible error and did not abuse its discretion in allowing the District Attorney to examine the complainant concerning other similar acts committed on her by the defendant both prior to and subsequent to the offense charged in the indictment. The rule laid down by this court in People v. Molineux (168 N. Y. 264) allows evidence of other similar crimes between the parties. Such evidence here was admissible to show, inter alia, intent, motive and a common plan and scheme.
The argument is advanced that People v. Thompson (212 N. Y. 249), which permitted evidence of other similar crimes in the discretion of the trial court both before and after the act charged in the indictment, by and between the same parties, on the theory that it shows a course of lascivious conduct or predisposition to the commission of the act charged, should be limited to the type of cases mentioned specifically therein, i.e., rape, seduction and incest. We do not agree for the simple reason that the Thompson decision in no way attempted to set down any limitation on the Molineux rule, but rather cited these crimes by way of example only.
We cannot say that the trial court abused its discretion inasmuch as the evidence was properly received. (See People v. O’Sullivan, 104 N. Y. 481; 167 A. L. R. 565 et seq.; 621-622.)
Accordingly, the judgment of conviction should be affirmed.