Burke, J.
(dissenting). We would affirm the judgment of conviction and the order denying a new trial. This is an instance in which a codefendant, who was later adjudged insane, took the stand in an attempt to clear himself and, in so doing, gave testimony against the defendant.
As is stated in the majority opinion, there is a presumption that a person has the capacity to testify and if objection is made on this ground that is for the Judge to determine in the exercise of discretion. (See People v. Washor, 196 N. Y. 104, 109-110; Aguilar v. State of New York, 279 App. Div. 103, 104-105; Ellarson v. Ellarson, 198 App. Div. 103, 106; see, also, 2 Wigmore, Evidence [3d ed., 1940], §§ 478, 487). In the case before us, there was evidence before the jury that Krombholz had sustained a brain injury in 1947, had been hospitalized and had been in three private sanitariums. The court refused to allow Krombholz’ mother to testify concerning an alleged brain injury but stated that, if medical testimony was forthcoming, it would be admitted. At the hearing upon the motion for a new trial, the Trial Judge noted that the issue of Krombholz’ capacity had come to his attention at trial and that he had offered to have him examined ‘ ‘ if there is any question about his mentality”. This offer was refused by counsel for Krombholz for the reason that “ during the trial he comported himself at the counsel table as a normal individual ”. The Judge, who had observed Krombholz throughout the course of the trial, recalled that he considered him “to be normal and as far as I could see, sane ”.
There is no real distinction between a competency examination made during trial and a sanity-competency motion after trial, in either case the issue is for the court to determine. The court *216 was under no obligation to secure expert testimony at the trial on the issue of insanity absent expert evidence raising the issue of insanity. Under such circumstances the court may pass on the witness’ capacity to testify without expert evidence. Certainly the defendant’s attorney could have introduced evidence of insanity by way of impeachment, if it would have benefited his client, but his failure to do so in no way invalidates the court’s procedure in determining competency.
At any rate, Krombholz’ testimony was merely cumulative. In view of the defendant’s confessions, his possession of the murder gun and evidence of the consciousness of his guilt, when weighed against the total absence in the record of any scintilla of evidence pointing to innocence, it is impossible to conclude that the jury would have reached any different conclusion even if Krombholz had been prohibited from testifying entirely.
We think that the present case falls squarely within our holding in People v. Salemi (309 N. Y. 208). It is true, as the majority opinion states, that in that case the issue of the witness’ sanity was brought home to the jury in greater detail than we find in the present case; but this was accomplished by cross-examination, an avenue which was open to defendant in this case. Here there can be no doubt that the issue of competency was before the court and the record shows that the Judge’s obligation in this regard was well satisfied. While it may or may not have been advantageous for defendant’s attorney to develop the issue of insanity on cross-examination, the fact that he chose not to does not render this case dissimilar from Salemi. It is not the work of this court to sit in judgment of trial tactics. Salemi was actually a much stronger case for reversal since there the witness was the sole person to identify the defendant as the killer and, therefore, his testimony could not be considered merely cumulative.
Chief Judge Desmond and Judges Van Voorhis and Bergan concur with Judge Fuld; Judge Burke dissents in an opinion in which Judges Dye and Scileppi concur.
Judgment of conviction reversed, etc.