THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BARRY WARREN KIBBE, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROY A. KRALL, Appellant.

Fourth Department, April 5, 1973.

*Charles F. Crimi* for Barry Warren Kibbe, appellant.

*Nicholas P. Varlan* (*Robert S. Beer* of counsel), for Roy A. Krall, appellant.

*Jack B. Lazarus, District Attorney* (*Edward J. Spires* of counsel), for respondent.

HENRY, J. Defendants robbed a helplessly drunken man and left him at the side of a highway where he was struck by an automobile and killed. They were convicted of the crimes of murder, second degree robbery and third degree grand larceny. They both voluntarily confessed to the crimes and the only serious question before us is whether the death was caused by their acts.

Appellants argue that although the evidence might support a finding that defendants evinced a depraved indifference to human life and that they engaged in conduct which created a grave risk of death to Stafford, his death was not caused thereby but was caused by Michael Blake in the operation of his automobile. In our opinion the evidence sufficiently shows that the death was caused by the acts of defendants as well as by the acts of Blake. "Where separate acts of negligence combine to produce directly a single injury each tort-feasor is responsible for the entire result, even though his act alone might not have caused it" (*Hill* v. *Edmonds*, 26 A D 2d 554, 555).

The acts of defendants which combined with the acts of Blake to cause Stafford's death consisted of leaving him in a helplessly drunken condition on the side of the road in an area of open fields where there were no nearby houses and where the road was bordered by snowbanks leaving no place but the roadway in which he could walk. It was apparent that to avoid death from exposure the only place in which he could walk to get help would be in the roadway, where in his condition there existed a grave risk that he would be killed by an automobile.

The court in charging the jury informed them of the applicable law and facts and the jury found each of them guilty.

While we agree with the dissenting Justice's statement that the trial court's charge respecting the cause of death was lacking in detail, we do not feel that a new trial should be granted. Appellants have not raised any question as to the sufficiency of the charge on these appeals and their attorneys took no exception and made no request respecting the cause of death at the trial.

In our opinion the charge together with language of the statutes and indictment and the evidence were sufficient to inform the jury on this subject and reversal of the judgments is not required in the interest of justice. (See *People* v. *Palmer,* 26 A D 2d 892, affd. 31 N Y 2d 1053.)

CARDAMONE, J. (dissenting). The defendants were properly convicted of robbery in the second degree and grand larceny in the third degree. However, I dissent and vote to reverse the murder conviction of both defendants in the interest of justice (CPL 470.15, subd. 3, par. [c]; subd. 6, par. [a]) because in my view the trial court's charge did not define and explain the issue of causation, nor was there sufficient explanation regarding the necessary mental state which the defendants must have been found to possess in order to sustain their conviction for that crime. The insufficiency of the charge deprived these defendants of their fundamental right to a fair trial insofar as these indictments charged them with murder under circumstances evincing " a depraved indifference to human life ", in that they " recklessly " engaged in conduct which created a grave risk of death to another person, and thereby caused the death of another person (Penal Law, § 125.25, subd. 2).

The salient facts on this indictment were that the defendants, Kibbe and Krall, had been drinking all during the afternoon and evening of December 30, 1970 in a bar with the victim Stafford. The bartender testified that the victim Stafford had been " flashing hundred dollar bills around " and the bartender told him to put them back in his pocket and " shut him off ", took his drink away from him and told Stafford " you had enough ". He further testified that Stafford asked for a ride to Canandaigua and left with the two defendants between 8:30 and 9:30 P.M. The two defendants took the victim to East River Road and after robbing him, left him on the road approximately one-quarter or one-half mile from the nearest gasoline station or habitation. It was clear and very cold with the wind blowing intermittently. It was not snowing at the time. Shortly after 10:00 P.M. a college senior proceeding north on the East River Road at about 50 miles per hour in a pickup truck saw a person

sitting in the road with his hands up in the air and ran over him with his truck. Stafford was dead on arrival at the hospital.

Each defendant has raised for our consideration the issue of whether his conduct caused the victim's death. The trial court's instruction on all the elements of the crimes charged occupies only about seven pages of the printed record and contains no direction on the issue of causation and touches on the issue of the defendants' culpable mental state merely by way of a statutory definition unaccompanied by explanation. The Criminal Procedure Law requires the Trial Judge to state the material legal principles applicable, and insofar as practical, to explain the application of the law to the facts in the case (CPL 300.10, subd. 2). As stated in *People* v. *Odell* (230 N. Y. 481, 488): '' Jurors need not legal definitions merely. They require proper instructions as to the method of applying such definitions after reaching their conclusions on the facts.'' This court has repeatedly reiterated that the Trial Judge may not content himself with the mere reading of a statutory definition and statement of legal principles but must meaningfully relate them to the facts in the case. (*People* v. *Tisdale,* 18 A D 2d 274, 277; *People* v. *Lewis,* 13 A D 2d 714; *People* v. *Tunstall,* 5 A D 2d 338, 346; *People* v. *Kenda,* 3 A D 2d 80, 87; *People* v. *Birch,* 283 App. Div. 844.)

Ordinarily prosecution and conviction for murder under the former (old Penal Law, § 1044, subd. 2) and present (Penal Law, § 125.25) provisions of the Penal Law for '' extremely dangerous and fatal conduct performed without specific homicidal intent but with a depraved kind of wantonness '' were, '' for example, shooting into a crowd, placing a time bomb in a public place, or opening the door of the lions' cage in the zoo [citations omitted] '' (Practice Commentary, Denzer and McQuillan, McKinney's Cons. Laws of N. Y., Book 39, Penal Law, p. 235). A recent Court of Appeals case sustaining a murder conviction under this statute involved the death of a three-and-a-half-year-old child caused by repeated physical beatings by defendant (*People* v. *Poplis,* 30 N Y 2d 85). In all of these cases the causation was direct and proximate. In the instant case, the jury, upon proper instruction, could have concluded that the victim's death by an automobile was a remote and intervening cause. There are no statutory provisions dealing with intervening causes — nor is civil case law relevant in this context. The issue of causation should have been submitted to the jury in order for it to decide whether it would be unjust to hold these appellants liable as murderers for the chain of events which actu-

ally occurred. Such an approach is suggested in the American Law Institute Model Penal Code (see Comment, § 2.03, pp. 133, 134 of Tentative Draft No. 4).

With respect to the defendants' culpable mental state, the jury would have to find that death by a vehicle was a " grave risk " created by defendants' reckless conduct. Under this statutory definition of murder there must be conduct which exhibits a depraved indifference to human life (Penal Law, § 125.25), " plus recklessness " (*People* v. *Poplis, supra,* p. 88). Subdivision 3 of section 15.05 of the Penal Law insofar as pertinent here defines the culpable mental state of " recklessly " as follows: " A person acts recklessly with respect to a result * * * when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur ". It is not sufficient that the victim Stafford's death occurred by his being struck by a passing vehicle, but under the statute the jury must conclude that defendants were aware of and consciously disregarded this particular risk.

In order to sustain these particular murder convictions, the jury should have been fully and adequately charged so that its verdict could properly rest on either (1) a conclusion that defendants were responsible directly and proximately for the chain of events leading to Stafford's death; or (2) that their acts were perpetrated with a full consciousness of the probable consequences (*Darry* v. *People,* 10 N. Y. 120) which they consciously disregarded (Penal Law, § 15.05, subd. 3). The absence of an adequate charge on either of these issues requires a new trial in each case.

DEL VECCHIO, J. P., MARSH and MOULE, JJ., concur with HENRY J.; CARDAMONE, J., dissents in part and votes to reverse conviction for murder and grant a new trial thereon, in opinion.

Judgments affirmed.