■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE COPELAND, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 24, 1976, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. At the trial the evidence produced by the prosecution showed that the undercover police officer purchased cocaine from the defendant, after a confidential informant had introduced the officer to the defendant and had negotiated with the defendant for the purchase. The defendant requested that the court order the prosecution to produce the confidential informant. The court then held an *in camera* hearing pursuant to *People v Goggins* (34 NY2d 163, cert den 419 US 1012), at which the confidential informant appeared, together with the prosecutor. The defendant and his attorney were not present at the hearing. Following the hearing, the court denied the defendant's request. The minutes of the hearing disclose that the court interrogated the confidential informant without having him sworn. This was error. Every witness over 12 years of age may testify only under oath, unless he suffers from a mental disease or defect which renders him unable to understand the nature of an oath (CPL 60.20, subd 2). That requirement serves two purposes—to alert the witness to the moral duty to testify truthfully and to deter false testimony through the sanction of a perjury prosecution *(People v Parks,* 41 NY2d 36, 45). All proceedings of a judicial character connected with a criminal trial must be governed by that requirement (cf. *Matter of Steven B.,* 30 AD2d 442; *People v Masiano,* 253 App Div 454). A *Goggins* hearing, even though conducted *in camera,* means that the testimony of the confidential informant shall be taken. "The Judge should take *testimony,* with recognition of the special need for protection of the interests of the absent defendant, and make a summary report as to the existence of the informer and with respect to the communications made by the informer to the police to which the police testify. That report should be made available to the defendant and to the People, and the transcript of

*testimony* should be sealed to be available to the appellate courts if the occasion arises" *(People v Darden,* 34 NY2d 177, 181; emphasis supplied). Hence, the confidential informant should have been sworn (see, also, *United States v Day,* 384 F2d 464; *United States v Jackson,* 384 F2d 825; *United States v Soles,* 482 F2d 105). Moreover, the lack of an oath violates the demands of due process *(Matter of Hecht v Monaghan,* 307 NY 461, 464; *People ex rel. Kasschau v Board of Police Comrs. of City of N. Y.,* 155 NY 40, 44-45). In addition, we think that the denial of the defendant's request to produce the informant was error. The confidential informant was inextricably involved with the purchase of the cocaine; although he said he was not present at the time of the exchange of the cocaine for the price, he participated in the negotiations almost to the point of excluding the undercover police officer from the conversations, and there were discrepancies between his version of the transaction and the testimony of the purchaser, especially in view of the defendant's testimony at the trial (cf. *People v Alamo,* 63 AD2d 6, 7). For these reasons we reverse and order a new trial. Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.