OPINION OF THE COURT
Harvey W. Sherman, J.
The defendant is charged in indictment number 3177-82 with six counts of sodomy in the second degree.
The defendant now moves for omnibus pretrial. The People have submitted an affidavit consenting to parts of the motion and opposing other parts.
Defendant’s request for various items of relief is determined as follows:
GRAND JURY PROCEEDINGS
With the consent of the District Attorney, the court has conducted an in camera examination of the Grand Jury testimony.
Aside from the limited testimony from a police officer who described the location of the defendant’s apartment and testified as to the. defendant’s age, the sole evidence presented to the Grand Jury consisted of testimony from the two alleged victims, 12-year-old Marcus Crump, and 11-year-old Alex Santana. The crimes alleged in the six *418 counts of the indictment were committed in the presence of each other, except for count four, when Marcus Crump left the room to go to the bathroom.
The operation of Grand Jury proceedings and the governing rules of evidence applicable to such proceedings can be found in CPL articles 190 and 60.
Before applying such statutes to this instant matter one must consider the following two directions: “The legal advisors of the grand jury are the court and the district attorney, and the grand jury may not seek or receive legal advice from any other source. Where necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it, and such instructions must be recorded in the minutes.” (CPL 190.25, subd 6.) “Wherever it is provided in article sixty that the court in a criminal proceeding must rule upon the competency of a witness to testify or upon the admissibility of evidence, such ruling may in an equivalent situation in a grand jury proceeding, be made by the district attorney.” (CPL 190.30, subd 5; emphasis added.)
Such a situation, as contemplated by article 60 regarding the competency of a witness, presented itself before this Grand Jury and apparently passed unnoticed by the People. Due to such inadvertence by the District Attorney’s office in performing its role as legal advisor to the Grand Jury, in its actions and procedures before that body and in its neglect to properly instruct and charge the Grand Jury as to all relevant law regarding this incident, this court has no recourse but to dismiss counts one, three, four and five of this indictment.
CPL 60.20 provides, in part: “2. Every witness more than twelve years old may testify only under oath unless the court is satisfied that such witness cannot, as a result of mental disease or defect, understand the nature of the oath. A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath. If the court is not so satisfied, such child or such witness over twelve years old who cannot, as a result of mental disease or defect, understand the nature *419 of an oath may nevertheless be permitted to give unsworn evidence if the court is satisfied that the witness possesses sufficient intelligence and capacity to justify the reception thereof.” (Emphasis added.)
Pursuant to the above statute, a ruling upon the testimonial capacity of 11-year-old Alex Santana was required before he be permitted to testify. The minutes reflect no such ruling nor even the most cursory questioning of the witness in that regard. Without fulfilling the requirements of CPL 60.20 the testimony of Alex Santana is not competent and admissible evidence nor is it legally sufficient to authorize the charges in the indictment (see CPL 190.65, subd 1.)
The testimonial oath is designed to serve two discrete functions: to alert the witness to the moral duty to testify truthfully and to deter false testimony by establishing a legal basis for a perjury prosecution. (.Matter of Brown v Ristich, 36 NY2d 183,189.) To achieve these purposes, it is evident that the giving of an oath to testify truthfully must be a meaningful exercise. The test is whether the prospective witness “has sufficient intelligence to understand the nature of an oath and to give a reasonably accurate account of what he has seen and heard vis-a-vis the subject about which he is interrogated.” (People v Rensing, 14 NY2d 210, 213; accord District of Columbia v Armes, 107 US 519, 521-522.) “The witness must, at a minimum, have ‘some conception’ of the obligations of an oath and the consequences of giving false testimony.” (People v Parks, 41 NY2d 36, 46, quoting from People v Washor, 196 NY 104, 109.)
All proceedings of a judicial character connected with a criminal trial must be governed by that requirement (People v Copeland, 70 AD2d 884), including Grand Jury proceedings. “The little girls were examined before the grand jury to determine whether they possessed sufficient intelligence to justify the reception of their evidence though they might be too immature to be given the oath. On the showing made, the grand jury determined they were intelligent enough to give unsworn evidence. (Curtis, New York Law of Evidence, § 845; Olshansky v. Prensky, 185 App. Div. 469; Williams v. Board of Trustees, Town of Eaton, *420 204 id. 566; People v. Klein, 266 N. Y. 188; People v. Harris, 253 App. Div. 161; People v. O’Brien, 74 Hun, 264.)” (People v Masiano, 253 App Div 454, 457.)
Case law provides ample explanation as to the necessity of the voir dire of such witnesses to demonstrate the requisite capacity and intelligence to justify the reception of even unsworn testimony (see People v Nisoff, 36 NY2d 560; People v Doellner, 87 AD2d 987; Matter of Howard K., 55 AD2d 574; People v Gallo, 69 AD2d 1001; People v Bravender, 35 AD2d 1035; Matter of Wade H., 41 AD2d 817).
This court finds no authority, either in statute or case law, to disregard the voir dire examination requirement of an infant witness or to treat such testimony, when the requirement is overlooked, as unsworn testimony. In fact, the limited case law this court finds to be on point is consistent with the decision herein. In People v Klein (266 NY 188), the Court of Appeals held the testimony of infant witnesses to be improperly received where said infants were not duly qualified by the trial court by proper preliminary examination, to determine competency, before being sworn.
Additionally, People v Salvato (12 Misc 2d 88, 89) clearly parallels the rationale of this instant decision. “The minutes of the Grand Jury are devoid of any evidence that the Grand Jury made investigation as to the intelligence and qualification of an eight-years-old girl to testify. Section 395 of the Code of Criminal Procedure provides: ‘A confession of a defendant * * * can be given in evidence against him * * * but is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.’ If her evidence was illegally received and the only evidence legally received was the defendant’s alleged statements, it could be urged that there was an absence of the ‘additional proof’ required. I do not pass on this issue but the defendant should have an opportunity to raise it on a motion to dismiss. The motion for inspection of the Grand Jury minutes is granted.”
Finally, Richardson on Evidence ([Prince, 10th ed], §§ 390-391, pp 368-370) provides an insight into the question of sworn and unsworn testimony of infants.
*421 “§ 390. Infancy — Sworn Testimony * * *
“By virtue of section 60.20(2) of the Criminal Procedure Law, which restates the provisions of former section 392 of the Code of Criminal Procedure, a rebuttable presumption exists in a criminal trial that a child under twelve years of age is not competent to be sworn. People v. Klein, 266 N.Y. 188,194 N.E. 402 * * * When a child of such tender years is called as a witness, it becomes the duty of the trial judge to examine him before he is sworn to determine his competency, and a failure to conduct such preliminary examination is error. Olshansky v. Prensky, supra. See, also, People v. Klein, supra * * *
“§ 391. Infancy — Unsworn Testimony ***
“In a criminal prosecution, however, a child under twelve years of age who, in the opinion of the court, does not understand the nature of an oath, may testify without being sworn if the court is satisfied that he possesses sufficient intelligence to justify the reception of the evidence. But a conviction cannot be had upon such testimony unsupported by other evidence. Grim. Proc. Law, § 60.20(3); People v. Johnson, 185 N.Y. 219, 77 N.E. 1164; People v. Klein, 266 N.Y. 188” (emphasis added).
In this present case, five of the six separate incidents involved two children, each child in each incident was both a victim and a witness to the sodomy on the other child involved, and each child gave clear and explicit testimony sufficient to satisfy all the elements of the crime of sodomy in the second degree, not only committed against him, but also committed against his companion. Such testimony satisfied the requirements of section 130.16 of the Penal Law (People v Curtis, 76 Misc 2d 128, corroboration of testimony of alleged victim) and would be sufficient to support the conviction, if the witness to each crime, although a child, had been sworn. (See People v St. John, 74 AD2d 85.) Unfortunately, this is not the case since the testimony of Alex Santana stands as incompetent and illegal evidence.
While limited authority exists as for the proposition that unsworn testimony may be sufficient to satisfy the corroboration required by section 130.16 of the Penal Law (People *422 v Curtis, supra; see, also, the concept of cross-corroboration of witnesses when required to be corroborated under different statutes and for different reasons, People v Coleman, 42 NY2d 500; People v Jelke, 1 NY2d 321), this court is not called upon to decide just such an issue.
The testimony of 12-year-old Marcus Crump, as a victim, therefore remains uncorroborated by any legally sufficient evidence (CPL 190.65, subd 1; 70.10, subd 1) to support the indictment, necessitating the dismissal of counts one, three and five of the indictment.
As to counts two and six, although the testimony of Alex Santana as a victim consists of incompetent and inadmissible evidence, the alleged crimes were witnessed by Marcus Crump, a competent witness, with no need to corroborate such testimony since it does not fall within the confines of section 130.16 of the Penal Law and therefore these counts of the indictment stand as legally sufficient.
As to the remaining count, number four, the evidence before this Grand Jury shows little more than the witness, Marcus Crump, leaving the room to go to the bathroom and hearing certain sounds or noises emanating from the other room. Such evidence, standing alone does not satisfy the elements of sodomy in the second degree and this count must also be dismissed.
Accordingly, counts one, three, four and six of this indictment are dismissed, with leave to re-present the dismissed counts of this indictment before this or another Grand Jury within 45 days from the date of this order (CPL 210.20, subd 4).
It is hoped that if the District Attorney, in his discretion, does re-present this matter, it will fulfill its statutory obligation and conduct the proper preliminary voir dire pursuant to CPL 60.20 (subd 2).