OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Justice Court for a new trial.
Defendant was charged in a simplified traffic information with failing to obey a traffic control device (Vehicle and Traffic Law § 1110 [a]). At a nonjury trial, the Justice Court allowed the police officer who had issued the traffic ticket to defendant to proffer unsworn testimony during direct examination to the effect that defendant had performed a U-turn in violation of a sign prohibiting U-turns. On cross-examination, defendant attempted to elicit testimony from the officer indicating that defendant had “pulled into a driveway in an attempt to back up” and had not actually performed a U-turn. At this juncture, the Justice Court asked defendant, “[s]o if you were to testify, you would say you went into the driveway and turned?” The following exchange ensued:
“defendant: I pulled into the driveway in an attempt to back up. That’s when the officer pulled up next to me.
“the court: No. I find you guilty then.”
The Justice Court then summarily convicted defendant of the charged offense.
Defendant’s contentions on appeal, that the Justice Court erred when it accepted the officer’s unsworn testimony and prevented defendant from exercising his right to testify at trial, are unpreserved for appellate review (see People v Muka, 72 AD2d 649, 651 [1979] [unsworn testimony]; People ex rel. Niebuhr v McAdoo, 184 NY 304, 307-308 [1906] [same]; People v Allen, 88 NY2d 831, 833 [1996] [defendant’s right to testify]). *68 Nevertheless, we reach the merits of these arguments in the interest of justice because the Justice Court’s conduct would otherwise “erode the confidence of the public in the criminal justice system” (People v Rathgeber, 23 Misc 3d 130[A], 2009 NY Slip Op 50653[U], *2 [App Term, 9th & 10th Jud Dists 2009]; see People v Berger, 16 Misc 3d 133[A], 2007 NY Slip Op 51498[U] [App Term, 9th & 10th Jud Dists 2007]).
The Justice Court erred when it permitted the officer to proffer his unsworn testimony. In all criminal proceedings, “[e]very witness over 12 years of age may testify only under oath, unless he suffers from a mental disease or defect which renders him unable to understand the nature of an oath” (People v Copeland, 70 AD2d 884, 884 [1979]; see CPL 60.20 [2]). This “requirement serves two purposes — to alert the witness to the moral duty to testify truthfully and to deter false testimony through the sanction of a perjury prosecution” (People v Copeland, 70 AD2d at 884; see People v Parks, 41 NY2d 36, 45 [1976]). As a result, the Justice Court committed reversible error when it failed to swear in the officer prior to accepting his testimony (People v Copeland, 70 AD2d 884).
Similarly, the Justice' Court committed reversible error when it impermissibly prevented defendant from testifying in his own defense. “[I]t is beyond cavil that ‘a criminal defendant has a constitutional right to testify in his [or her] own behalf at trial’ ” (People v Cosby, 82 AD3d 63, 66 [2011], quoting United States v Teague, 953 F2d 1525, 1530 [1992]). “[T]he centuries-old right granted an accused to be present and to be heard in person at a . . . criminal trial may not be denied without violating the accused’s Fifth and Sixth Amendment rights” (United States v Bifield, 702 F2d 342, 349 [2d Cir 1983]). In this case, the Justice Court stifled any meaningful opportunity for defendant to testify on his own behalf and offer a full account of the events surrounding the alleged incident. Nor did the Justice Court inquire whether defendant wished to proffer any photographs, maps or relevant legal authority in his own defense.
Defendant’s remaining contention lacks merit.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Justice Court for a new trial.
LaCava, J.E, Nicolai and Iannacci, JJ., concur.